**UNITED STATES of America,**
**Appellee,**

v.

**Maurice J. CHATMAN, Defendant–**
**Appellant.**

**No. 04–4832.**

United States Court of Appeals,
Second Circuit.

May 6, 2005.

Mark D. Hosken, Assistant Federal Defender, Western District of New York, Rochester, NY, for Appellant.

Julia N. Romanow, Assistant United States Attorney (Bradley E. Tyler, Assistant United States Attorney, Michael A. Battle, United States Attorney for the Western District of New York, on the brief), United States Attorney's Office for the Western District of New York, Rochester, NY, for Appellee.

PRESENT: CALABRESI, CABRANES Circuit Judges and HALL,* District Judge.

* The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

## SUMMARY ORDER

Defendant pleaded guilty to a one count indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to a 41 month term of imprisonment, based in part on a four level enhancement under U.S.S.G. § 2k2.1(b)(5) for possession of a firearm in connection with another felony offense. At sentencing, defendant objected to the enhancement based on the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

 In *United States v. Fagans,* 406 F.3d 138 (2d Cir.2005), we recently decided that the remand procedure set forth in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), is inapplicable in cases where the error was preserved and plain error analysis therefore does not apply. Here, as the enhancement was unquestionably a violation of the Sixth Amendment, and the compulsory use of the Guidelines was erroneous under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and because defendant preserved his objection to the error, we REMAND to the District Court with instructions to vacate the sentence and re-sentence in conformity with *Booker* and this Order.