**UNITED STATES of America,**
**Appellee,**

v.

**Paul AZZARA, Defendant–Appellant.**

**No. 04–0809–CR.**

United States Court of Appeals,
Second Circuit.

June 6, 2005.

Devin McLaughlin, Langrock Sperry and Wool, Middlebury, VT, for Defendant–Appellant.

Steven D. Feldman, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney, on the brief; Karl Metzner, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: Hon. CHESTER J. STRAUB, Hon. PETER W. HALL, Circuit Judges, and Hon. LEWIS A. KAPLAN, Judge.[1]

## SUMMARY ORDER

Defendant–Appellant Paul Azzara ("Azzara") appeals from a November 24, 2003, judgment of conviction entered by the United States District Court for the Southern District of New York (Colleen McMa-

---

**1.** The Honorable Lewis A. Kaplan, United States District Judge, Southern District of    New York, sitting by designation.

hon, *Judge*) upon a jury verdict of guilty on one count of mailing a threatening communication in violation of 18 U.S.C. § 876(c), and two counts of attempted extortion, in violation of the Hobbs' Act, 18 U.S.C. § 1951. The District Court, applying the United States Sentencing Guidelines, sentenced Azzara to 168 months' imprisonment to be followed by three years of supervised release, and a $300 special assessment. On appeal Azzara raises several arguments, some of which are raised via a supplemental *pro se* brief. Familiarity is assumed as to the facts, procedural context, and specification of appellate issues.

As to Azzara's counseled and *pro se* arguments concerning the motion to suppress, the sufficiency of the evidence, and evidentiary rulings, we affirm for substantially the reasons stated by the District Court.

■ We review for plain error Azzara's claim that the government presented an improper interstate commerce theory in its summation, as it was not raised before the District Court. *See, e.g., United States v. Williams*, 399 F.3d 450, 455 (2d Cir.2005). "As authoritatively set forth by the Supreme Court, the plain error doctrine permits a trial court error, not properly preserved for appeal, to warrant appellate relief when four factors are present: there must be an error, the error must be 'plain,' the error must 'affect[ ] substantial rights,' and the error must 'seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* at 454 (quoting *United States v. Cotton*, 535 U.S. 625, 631–32, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). Azzara challenges the following argument made by the government in its summation:

As to all three victims, interstate commerce will also have been affected under plan B, because, by setting up an Internet website and targeting customers worldwide and getting them all to log onto this website, that affects interstate commerce.

This theory of interstate commerce is improper, Azzara argues, because the effect on interstate commerce cannot be established by the potential consequences of an *unsuccessful* completed extortion, i.e., the effect on interstate commerce if the victim(s) had failed to pay the requested sum and Azzara had published the videos on the internet, but rather, may be established only by the potential consequences of a *successful* completed extortion, i.e., the payment of the requested sum. We hold that even assuming without deciding that the government's alternative theory was improper, *but see United States v. Pascucci*, 943 F.2d 1032, 1035 (9th Cir. 1991), any error did not affect substantial rights or seriously affect the fairness, integrity, or public reputation of judicial proceedings because this theory was not presented to the jury in the District Court's jury charge, Tr. 530–32 (indicating that jury could find requisite nexus if, for example, "the successful extortion of money would prevent the use of those funds to purchase articles that traveled through interstate commerce," if "the victim directly participates in interstate commerce or where the victim was targeted because of her status as an employee at company participating in interstate commerce or where the crime targeted the assets of a business rather than an individual"), and the jury was instructed that to the extent counsel's arguments recite the law differently than the court, the court's charge controls, Tr. 506–07 ("If . . . any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are to follow the instructions given to you by the Court.").

As to the claimed error in the jury instructions, we review the propriety of a

jury instruction *de novo. See United States v. Wilkerson,* 361 F.3d 717, 732 (2d Cir.2004). A jury instruction is erroneous if it " 'misleads the jury as to the correct legal standard or does not adequately inform the jury on the law.' " *Id.* (quoting *United States v. Walsh,* 194 F.3d 37, 52 (2d Cir.1999)). A defendant requesting an instruction " 'bears the burden of showing that the requested instruction accurately represented the law in every respect and that, viewing as a whole the charge actually given, he was prejudiced.' " *Id.* (quoting *United States v. Abelis,* 146 F.3d 73, 82 (2d Cir.1998)).

■ In his counseled brief, as he did at the charging conference, Azzara argues that the District Court took the element of wrongfulness from the jury when it instructed the jury that if it found certain facts, "I direct you as a matter of law that the alleged threat was wrongful." Viewing the instructions as a whole, the District Court defined "wrongful" as "ha[ving] no lawful claim or right to the money or property he sought or attempted to obtain and [having] no lawful right to use actual or threatened fear," and instructed the jury that if it found that a court order prohibited Azzara from distributing or publishing the videotapes, it should find Azzara's threat wrongful. This instruction does not direct the jury that a fact essential to conviction had been established by the evidence, *see United States v. Gaudin,* 515 U.S. 506, 508, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (affirming Ninth Circuit's reversal where district court instructed jury that "[t]he issue of materiality ... is not submitted to you for your decision but rather is a matter for the decision of the court. You are instructed that the statements charged in the indictment are material statements."), but rather, submits the issue to the jury and permissibly defines "wrongfulness."

*See United States v. Bok,* 156 F.3d 157, 164–65 (2d Cir.1998) (finding charge proper under *Gaudin* where district court instructed jury that "if you find beyond a reasonable doubt that gross receipts were understated in such a way as to influence or impede the IRS in verifying and auditing the return, then you should conclude that the return was not true and correct as to all material matters").

■ In his *pro se* brief, Azzara argues that the District Court constructively amended the indictment when it instructed the jury that it could find that the element of attempting to take property by actual or threatened force, violence, or fear in Counts Two, Three, and Four would be satisfied if the government proved beyond a reasonable doubt that Azzara attempted to take a victim's property "by actual or threatened force, violence or fear of injury or economic harm, regardless of how that was done." Azzara claims that this instruction eliminates a required overt act element, that is, the element of his mailing the threatening letter or causing the letter to be mailed. We disagree. The District Court correctly charged the jury as to the elements of the Hobbs Act violations. *See Abelis,* 146 F.3d at 83 ("The statute does not limit the definition of extortion to those circumstances in which property is obtained through the wrongful use of fear created by implicit or explicit threats, but instead leaves open the cause of the fear."). We reject Azzara's remaining *pro se* challenges to the jury charge, as they are without merit.

In his counseled and *pro se* briefs, Azzara seeks a remand for resentencing under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because the error was preserved, we review for harmlessness and, consistent with our decision in *United States v. Fagans,* 406 F.3d 138, 141 (2d Cir.2005), we

remand to the district court with instructions to vacate the sentence and resentence in accordance with *Booker.* In order to guide the District Court's task upon remand and resentencing, we hold that the District Court's finding that the extortion scheme involved $3 million was not clearly erroneous. We also hold that the District Court erred in failing to consider section 2X1.1 as to the attempted extortion offenses, *see* U.S.S.G. § 1B1.2(a), specifically, whether Azzara was entitled to a three-level reduction of the base offense level or had "completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." U.S.S.G. § 2X1.1(b)(1). We do not speak to whether this error would alone provide a basis for resentencing, nor do we speak at this time to the reasonableness of Azzara's sentence.

We have considered Azzara's remaining *pro se* arguments, concerning his removal from the courtroom at sentencing, claimed errors in jury selection, his right to represent himself, prosecutorial misconduct, and the district judge's failure to recuse herself, and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is AFFIRMED IN PART and the case is REMANDED IN PART for further proceedings consistent with this order.