**UNITED STATES of America,**
**Appellee,**

v.

**Phillip J. KATON, Defendant–**
**Appellant.**

**Docket No. 04–4544–CR.**

United States Court of Appeals,
Second Circuit.

July 7, 2005.

1. The claims against Neal–Provenzano and Windhager were voluntarily dismissed prior to judgment.

Elizabeth D. Mann, Assistant Federal Public Defender, Burlington, VT (Alexander Bunin, Federal Public Defender, Districts of Northern New York and Vermont, on the brief), for Appellant.

John M. Conroy, Assistant United States Attorney, for David V. Kirby, Acting United States Attorney for the District of Vermont (Paul J. Van De Graaf, Chief, Criminal Division, United States Attorney's Office for the District of Vermont, on the brief), for Appellee.

PRESENT: OAKES, LEVAL, and STRAUB, Circuit Judges.

## SUMMARY ORDER

Phillip J. Katon pleaded guilty to making false and fictitious statements in connection with an attempt to acquire a firearm from a federally licensed dealer in violation of 18 U.S.C. § 922(a)(6). Prior to sentencing, Katon filed a motion in the district court arguing that the United States Sentencing Guidelines were unconstitutional, relying on the holding of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). As the Supreme Court subsequently made clear in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Katon's sentence violated the Sixth Amendment. Because Katon preserved the objection below, we remand with instructions to vacate the judgment and resentence. *See United States v. Fagans*, 406 F.3d 138 (2d Cir.2005). Because we remand for resentencing, we need not consider whether, as Katon contends, the Su-

preme Court has implicitly overruled *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). That argument can be raised in the district court on remand.