**UNITED STATES of America Appellee,**

v.

**Pinhas BEN–ARI Defendant–Appellant.**

Docket No. 05–0675.

United States Court of Appeals,
Second Circuit.

July 19, 2005.

Larry H. Krantz (Wendy E. Gerstmann, on the brief), Krantz & Berman LLP, New York, NY, for Appellant.

Marc A. Weinstein, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York; Peter G. Neiman, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, JACOBS, and LEVAL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the case be **RE-MANDED** with instructions to the district court to vacate the sentence and re-sentence in conformity with *Booker, Crosby,* and *Fagans.*

Defendant-appellant Pinhas Ben–Ari appeals from a judgment of conviction and sentence entered on February 4, 2005, following his guilty plea in the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge* ). The district court sentenced Ben–Ari on January 18, 2005, six days after the Supreme Court issued its decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and prior to our decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). It thus did not have the benefit of the views expressed in *Crosby* regarding the relevance, post-*Booker,* of the federal Sentencing Guidelines. Ben–Ari argues that the district court was required to determine the applicable Guidelines range before choosing to impose, as it did, a non-Guidelines sentence. He claims that it is apparent from the record that the district court did not do so. We agree.

Although the district court's error was understandable given that Ben–Ari was sentenced in the immediate wake of *Booker*, it nevertheless requires that Ben–Ari be re-sentenced.

While *Booker* excised 18 U.S.C. § 3553(b)(1), and thus removed that part of the statute which made use of the Guidelines mandatory, *see Booker*, 125 S.Ct. at 764, it left intact 18 U.S.C. § 3553(a). Subsection 3553(a)(4)(A) requires that a district court "consider" the sentencing range established by the Guidelines before imposing sentence. As we explained in *Crosby*, 397 F.3d at 111–12, "[i]n order to fulfill this statutory duty to 'consider' the Guidelines, a sentencing judge will normally have to determine the applicable Guidelines range." The district court in this case expressly refused to identify the Guidelines range applicable to Ben–Ari.

It is true that in *Crosby* we recognized an exception to the requirement that the Guidelines range be determined, where the district court finds that either of two Guidelines ranges might be applicable, but decides to give a particular, non-Guidelines sentence regardless of which range applies. *See id.* at 112. It is not clear in Ben–Ari's case, however, that the district court anticipated this type of exception and had resolved to give Ben–Ari the sentence ultimately imposed even if the lower of the possible ranges applied.

Because the district court committed procedural error in imposing sentence, *see United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir.2005), and Ben–Ari preserved his objection to this error, *see United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005), we remand this case with instructions that the district court vacate Ben–Ari's sentence and re-sentence consistent with *Booker, Crosby*, and *Fagans*. Upon remand, the district court should solicit new sentencing submissions from the parties and order the issuance of a new pre-sentence report. We find that the district court did not err in considering the theory of loss offered by the government subsequent to the October 13, 2004, pre-sentence report, *see United States v. Young*, 140 F.3d 453 (2d Cir.1998), and is entitled to consider this theory in re-sentencing Ben–Ari. We decline to remand the case to a different judge, as urged by Ben–Ari. This is not "the rare instance in which the judge's fairness or the appearance of the judge's fairness is seriously in doubt." *United States v. Stevens*, 192 F.3d 263, 269 (2d Cir.1999).

We express no opinion as to the other issues raised by Ben–Ari, including the amount of loss for which he may be held accountable under the Guidelines, the kinds of information the district court may rely on in making this determination, or the propriety of the district court's restitution order. If they remain relevant after re-sentencing, Ben–Ari is free to raise these issues in a subsequent appeal, along with arguments challenging the reasonableness of whatever sentence the district court chooses to impose upon remand.

For the reasons set forth above, the case is **REMANDED** with instructions to the district court to vacate the sentence and resentence in conformity with *Booker, Crosby*, and *Fagans*.