**UNITED STATES of America,**
**Appellee,**

v.

**Sayed Abdul MALIKE, Defendant–**
**Appellant.**

Docket No. 04–3590.

United States Court of Appeals,
Second Circuit.

July 21, 2005.

Alan M. Gardner (Frederick L. Sosinsky, on the brief) NY, NY, for Defendant–Appellant.

Emily Berger, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, on the brief) for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, for Appellee.

Present: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **REMANDED** with instructions to vacate the sentence and resentence in conformity with *Booker*.

Defendant Sayed Abdul Malike, appeals from a judgment of the United States District for the Eastern District of New York (Gershon, *J.*) convicting him, upon his plea of guilty, of making a materially false statement in a matter within the jurisdiction of the executive branch of the United States Government in violation of 18 U.S.C. § 1001(a)(2). The District Court sentenced him principally to a term of incarceration of thirty-seven months. Familiarity with the relevant facts, procedural history, and the issues on appeal is assumed.

Appellant is an Afghani asylee, legally residing in the United States. He has been employed driving a taxi in New York City. In April 2003, Appellant inquired of a store-owner about building a bomb. The store-owner relayed his questions to the FBI, which commenced an investigation of Appellant. During four meetings with an undercover officer, Appellant discussed purchasing explosives, night vision goggles, bulletproof vests, bullet proofing material for a car, Valium, and Viagra. At each meeting, Appellant stated he wanted the materials in order to mine for precious stones in Afghanistan. He stated he had a friend who might start such a venture with him, and he could not purchase the equipment until he received confirmation from his friend. Appellant was fully aware that the equipment he discussed purchasing was stolen.

At the fourth meeting with the undercover, Appellant agreed to purchase Valium. He was immediately arrested for unlawful possession. In his post arrest statement, he made several false statements to the FBI agents. Appellant was indicted for making false statements and

unlawfully possessing Valium. He pleaded guilty to the false statement charge.

The false statement charge carries a guidelines range of zero to six months. The District Court upwardly departed, based on either U.S.S.G. § 2B1.1 or § 5K2.9, enhanced under § 3C1.1, and denied a downward departure for acceptance of responsibility. To calculate the extent of the U.S.S.G. § 2B1.1 departure, the Court relied on U.S.S.G. § 2J1.2 Obstruction of Justice, because Appellant's lies caused the Government to expend resources in a prolonged investigation. To calculate the extent of the U.S.S.G. § 5K2.9 departure, the Court relied U.S.S.G. § 2K1.3 for an unlawful receipt of explosives, because Appellant contemplated purchasing stolen explosives, and the Court looked to 18 U.S.C. § 842(i) because Appellant, as an alien, was prohibited from purchasing explosives. The Court also relied on New York Penal Law 270.20 making it illegal to wear a bulletproof vest while possessing a firearm and committing a violent felony, because Appellant sought to purchase bulletproof vests and explosives. The Court then sentenced him to the top of the range for the § 5K2.9 departure with the § 3C1.1 enhancement, namely to thirty-seven months.

On appeal, Appellant challenges his sentence on numerous grounds. As an initial matter, Appellant requests a remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), because the District Court's compulsory use of the Guidelines violated *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This error was not preserved for appellate review and the Government concedes the appropriateness of a *Crosby* re-

mand. *See United States v. Fagans*, 406 F.3d 138, 140–41 (2d Cir.2005).

We agree that the District Court's compulsory use of the Guidelines violated *Booker* and customarily we would issue a *Crosby* remand in order to determine whether a materially different sentence would have been imposed in a system with advisory Guidelines. However, in this case, we vacate the entire sentence in order to afford the District Court a fresh opportunity to impose a post-*Booker* sentence and to consider some difficult issues this case presents, which we briefly note below. We do not, however, reach these difficult issues of law because the District Court's findings on remand may well moot such a discussion.

Appellant maintains that his case, similar to most cases of making a false statement to the executive, was a post arrest false denial of guilt and therefore U.S.S.G. § 5K2.9 is not available as a basis for departure.[1] *See, e.g. United States v. Robertson*, 324 F.3d 1028, 1031–32 (8th Cir. 2003) (holding that false post arrest statements regarding wrongdoing are not unusual or outside the heartland). Appellant takes issue with the Government's reliance on *United States v. LeMaster*, 54 F.3d 1224, 1232–33 (6th Cir.1995), in its request for the enhancement because, in *Le Master*, the defendant was indicted for an underlying crime about which he lied. Here, however, that did not occur. Our Court has not spoken to the issue of whether a § 5K2.9 departure is available in sentencing a defendant convicted under 18 U.S.C. § 1001 where the false statements are merely denials of culpability.. Nor has our Court spoken to the issue of the required specificity of a sentencing court's finding of

---

1. U.S.S.G. § 5K2.9 provides: "If the defendant committed the offense in order to facilitate or conceal the commission of another offense, the court may increase the sentence above the guideline range to reflect the actual seriousness of the defendant's conduct."

"another offense," within the meaning of § 5K2.9.

To calculate the extent of the departure under § 5K2.9, the District Court looked to 18 U.S.C. § 842(i), which makes it unlawful for several categories of persons "to receive or possess any explosive." In 2003, § 842(i) was amended to include certain aliens. Because the Government did not argue for the consideration of § 842(i) in calculating the extent of the departure, the Appellant did not have an opportunity to challenge it, potentially violating *Burns v. United States,* 501 U.S. 129, 138–39, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991) ("We hold that before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling. This notice must specifically identify the ground on which the district court is contemplating an upward departure."), and *United States v. Thorn,* 317 F.3d 107, 129 (2d Cir.2003) ("Before sentence is imposed, the district court must give the government both notice of the court's intention to depart, including the factors that the judge is planning to rely upon, and some brief explanation as to why these factors warrant a departure, and an opportunity to be heard as to why the contemplated departure is unwarranted."). Our Court has not yet resolved whether and to what extent the calculation of a departure in the manner in which it was done here—as distinct from the basis for that departure—requires notice.

To calculate the extent of the departure under § 5K2.9, the District Court also re-lied on U.S.S.G. § 2K1.3(a)(3) for Unlawful Receipt, Possession, or Transportation of Explosive Materials; Prohibited Transactions Involving Explosive Materials, and on New York Penal Law 270.20.[2] Appellant contends that it was improper to rely on § 2K1.3(a)(3) by analogy, because he never actually purchased explosives, and on New York Penal Law § 270.20, because he did not wear a vest, nor did he possess a firearm or commit a violent felony. The District Court's reliance on U.S.S.G. § 2K1.3(a)(3) and New York Penal Law 270.20 is not clear, given that these statutes both reference several significant factors not "same or similar" to Appellant's offense conduct. *Cf. United States v. Stephens,* 7 F.3d 285, 290 (2d Cir.1993).

For the foregoing reasons, the case is remanded to the District Court with instructions to vacate the sentence and resentence in conformity with *Booker.*

---

**2.** New York Penal Law § 270.20 provides: "A person is guilty of the unlawful wearing of a body vest when acting either alone or with one or more other persons he commits any violent felony offense defined in section 70.02 while possessing a firearm, rifle or shotgun and in the course of and in furtherance of such crime he wears a body vest."