**UNITED STATES of America,**
**Appellee,**

v.

**Jason VALE, Defendant–Appellant.**

**Docket No. 04–3717–CR.**

United States Court of Appeals,
Second Circuit.

Aug. 8, 2005.

Charles S. Kleinberg, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, for Appellee.

Gerald J. Dichiara, New York, N.Y. (Gary Pelletier of Denner, O'Malley, LLP, Boston, MA, on the brief), for Defendant–Appellant.

Present: CALABRESI, RAGGI, Circuit Judges, and COTE,* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant–Appellant, Jason Vale, has allegedly battled cancer for a number of years and credits his survival to an unconventional regimen of apricot seeds and, more specifically, to the vitamin they contain, amygdalin. In 2000, after the Food and Drug Administration ("FDA") learned that Vale had begun to market and sell amygdalin-based products to cancer patients, the FDA required Vale to enter into a consent decree that enjoined him from advertising, distributing, and selling his products (which have never been approved for medical use). Defying these injunctions, Vale continued to promote (and profit from) his products. In 2003, he was charged and convicted of criminal contempt, and District Court Judge John Gleeson sentenced Vale to 63 months for violating the express terms of the injunctions that Judge Gleeson had himself issued. Vale now appeals his conviction and sentence. We presume that the parties are familiar with the facts, procedural history, and scope of issues to be reviewed.

On appeal, Vale raises a number of claims. First, he contends that the district

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

court erred in denying a continuance, which Vale had requested in order to give his new lawyer a chance to familiarize himself with Vale's defense. We review a district court's denial of a continuance for abuse of discretion. *See United States v. Pascarella*, 84 F.3d 61, 68 (2d Cir.1996) ("The disposition of a request for continuance rests in the discretion of the trial judge and the exercise of that discretion will not be disturbed unless a clear abuse is shown.") (quoting *United States v. Bentvena*, 319 F.2d 916, 934–35 (2d Cir.1963)). Given that Vale had already missed hearings and contributed to a pattern of delay preceding his request for a continuance, the district court manifestly did not abuse its discretion in refusing that request. *Cf. United States v. Rosenthal*, 470 F.2d 837, 844 (2d Cir.1972) ("Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay.").

Vale also argues that he was entitled to a hearing before the district court issued a reimbursement order pursuant to the recoupment provision of the Criminal Justice Act, 18 U.S.C. § 3006A(f) (1988) and never raised an issue of fact as to whether the amount ordered to be reimbursed constituted a reasonable fee for the services performed. We find that no hearing was needed, especially since Vale had already testified about the availability and whereabouts of his financial assets. *See United States v. Crosby*, 602 F.2d 24, 28 (2d Cir. 1979) (noting that a "district judge ordinarily need not conduct a full-scale adversarial inquiry" before ordering repayment of attorneys fees under the Criminal Justice Act).

With respect to Vale's sentencing claims, both parties accept that remand to the district court is appropriate under our decision in *United States v. Fagans*, 406 F.3d 138, 140–41 (2d Cir.2005), because the perceived mandatory character of the sentencing guidelines may have affected the sentence that Vale received and because a Sixth Amendment challenge was raised and therefore preserved below.

Vale also claims that the district court, in selecting an analogous statutory range to use to calibrate Vale's sentence for contempt, should not have relied on a factual premise that the court affirmatively withdrew from the jury, namely, that Vale possessed an intent to deceive. Because the parties concede that resentencing is needed under *Fagans*, we need not, and hence do not, address this contention. *Cf. United States v. Fagans*, 406 F.3d 138, 141 (2d Cir.2005) (explaining when issues may desirably be deferred following a remand pursuant to *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). We do note, however, that in computing a guidelines range and in deciding whether a departure is appropriate, a sentencing judge may find all the facts that are relevant to these determinations. *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir.2005).

We have considered all of the defendant's remaining arguments, and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of conviction and AFFIRM the recoupment order. We REMAND this case to the district court with instructions to VACATE and RESENTENCE in accord with *Fagans*.