**UNITED STATES of America,**
**Appellee,**

v.

**Lorna CUMMINGS, Defendant–**
**Appellant.**

**Docket No. 04–6014CR.**

United States Court of Appeals,
Second Circuit.

Aug. 9, 2005.

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Ver-

B. Alan Seidler, New York, NY. (On submission) for Defendant–Appellant.

Jacob W. Buchdahl, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Karl Metzner), New York, NY. (On submission) for Appellee, of counsel.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Circuit Judges, and Hon. J. GARVAN MURTHA, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be **VACATED** and **REMANDED** for resentencing, subject to confirmation by counsel.

Defendant–Appellant Lorna Cummings ("Cummings") appeals her conviction, entered pursuant to a guilty plea, for entering the United States without the permission of the Attorney General after having been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) & (b)(2). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Assuming, *arguendo*, that Cummings has not waived the claim that her single-count indictment was duplicitous, the contention is without merit. This is because the argument that 8 U.S.C. § 1326 contains multiple offenses (each requiring separate indictment and proof to a jury be-

mont, sitting by designation.

yond a reasonable doubt) was squarely rejected by the Supreme Court in *Almendarez–Torres v. United States*, 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See also United States v. Booker*, — U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (stating that all facts that increase a defendant's sentence above the statutory maximum must be proved to a jury beyond a reasonable doubt, but retaining the *Almendarez–Torres* exception for the fact of a prior conviction); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403 (2004) (same). Cummings's conviction must therefore be affirmed.

The Government concedes that Cummings's sentence, imposed under the mandatory Sentencing Guidelines, violated *Booker*. Because defense counsel made a timely objection to the district court's mandatory application of the Guidelines, we think it appropriate to vacate Cummings's sentence and remand to the district court for resentencing. *See United States v. Fagans*, 406 F.3d 138, 140–41 (2d Cir.2005).

The judgment of the district court is **VACATED** and **REMANDED** for resentencing. This order will be held for thirty days, in which time counsel for Cummings may notify the Clerk's Office, in writing, of any objection to vacatur and remand. In the case of such objection, the mandate will issue.