**UNITED STATES of America,**
**Appellee,**

v.

**Richard PINILLA, Defendant–**
**Appellant.**

**No. 04–5299.**

United States Court of Appeals,
Second Circuit.

Oct. 21, 2005.

James Cohen (Michael W. Martin, Josephine Castro, Legal Intern, Gayle Gerson, Legal Intern, Melissa Lee, Legal Intern, Lincoln Square Legal Services, Inc., on the brief), New York, NY, for Appellant.

Michael Farbiarz, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, David B. Anders, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: WALKER, Jr., Chief Judge, JACOBS, and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the sentence be and it hereby is **VACATED** and the case **RE-MANDED** to the district court for resentencing.

Defendant-appellant Richard Pinilla appeals from a September 28, 2004, judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, Judge) convicting him, following his guilty plea, of conspiring to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and sentencing him principally to 135 months' imprisonment. The parties' familiarity with the facts and procedural history is assumed.

On appeal, Pinilla argues that: (1) his sentence should be vacated and the case remanded for resentencing pursuant to *United States v. Fagans,* 406 F.3d 138 (2d Cir.2005); (2) his sentence is unreasonable because it was imposed without consideration of the factors set forth in 18 U.S.C. § 3553(a); (3) the district court's findings of fact as to the quantity of heroin were clearly erroneous; and (4) the district court violated his due process rights by denying his request for a writ of habeas corpus ad testificandum for a witness whose testimony was relevant to the requested safety-valve departure.

As both parties agreed at oral argument, this case should be remanded with instructions to vacate Pinilla's sentence and to resentence him in accordance with *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Fagans.* Pinilla specifically preserved his objection to the mandatory use of the Guidelines, and therefore, vacatur and resentencing are required. *See Fagans,* 406 F.3d at 140–41. We do not, however, address Pinilla's arguments regarding the district court's findings of fact concerning the quantity of heroin or the district court's denial of his request for a writ of habeas corpus ad testificandum. *Cf. id.* (noting

that it may be appropriate to defer decision on certain issues following a remand pursuant to *Booker*). The district court will have an opportunity to reconsider these issues at resentencing.

Accordingly, and for the foregoing reasons, the sentence is hereby VACATED and the case REMANDED to the district court with instructions to resentence in conformity with *Booker* and *Fagans*.