**UNITED STATES of America,**
**Appellee,**

v.

**Christopher BUNN, Defendant–**
**Appellant.**

**No. 04–4472–CR.**

United States Court of Appeals,
Second Circuit.

Nov. 10, 2005.

Franklin McClain–Sewer, New York, NY, for Appellant.

Alexander J. Willscher and Katherine Polk Failla, Assistant United States Attorneys, New York, NY, for Appellee.

Present: OAKES, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for resentencing in accordance with this Order.

Defendant–Appellant Christopher Bunn ("Appellant") appeals from a judgment, including sentence, entered on August 31, 2004, by the United States District Court for the Southern District of New York (Jones, *J*). On September 19, 2002, a jury found Appellant guilty of conspiracy and wire fraud in violation of 18 U.S.C. §§ 371 and 1343. On June 28, 2004, Appellant filed an Omnibus Motion, seeking to have the Indictment and conviction vacated. On July 8, 2004, the District Court denied all of Appellant's motions except for a claim relating to sentencing. We assume the parties' familiarity with the facts, proceedings below, and issues on appeal.

Appellant's first argument is that the Indictment was defective on its face. The sufficiency of the Indictment is a matter of law that is reviewed *de novo*. *See United States v. Pirro*, 212 F.3d 86, 92 (2d Cir.2000). In general, "a facially valid indictment returned by a duly constituted grand jury suffices to call for a trial on the merits of the charges set forth therein." *United States v. Bodmer*, 342 F.Supp.2d 176, 179 (S.D.N.Y.2004) (citing *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956)). The Supreme Court has held, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead

an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Here, the Indictment clearly contained the elements of the offense charged, fairly informed Appellant of the charge against him, and enabled Appellant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Id.*

■ Appellant next argues that the Government provided insufficient evidence to prove the jurisdictional element of the wire fraud statute. We held in *United States v. Blackmon,* 839 F.2d 900 (2d Cir. 1988), "that there is no *mens rea* requirement as to the purely jurisdictional element of interstate communication under the wire fraud statute." *Id.* at 907. The element of "interstate nexus" is "not a substantive element of the offense, but arises only from 'constitutional limitations on congressional power over intrastate activities under the Commerce Clause.'" 839 F.2d at 907 (quoting *United States v. Bryant,* 766 F.2d 370, 375 (8th Cir.1985)). The "only purpose" of the interstate requirement "is jurisdictional." 839 F.2d at 908. Yet, eight years later, we admitted that there is ambiguity in whether the interstate element of the crime is jurisdictional only, or an element of the crime with a corresponding *mens rea. United States v. Pinckney,* 85 F.3d 4, 6 (1996). In *Pinckney,* this Court decided that it "need not resolve this ambiguity." *Id.* at 6–7. Here, as in *Pinckney,* we need not resolve this ambiguity, because we find that the Government provided sufficient direct and circumstantial evidence that the money traveled through interstate wires.

■ On the issue of sentencing, the Government agrees with Appellant that the sentence constituted error in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and

*United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), and consents to a remand to allow the District Court to consider re-sentencing Appellant in light of *Booker.* Under *Crosby,* this Court would test the sentence for reasonableness before remanding for a determination of whether re-sentencing would be required. 397 F.3d at 118, 120. However, because an objection was preserved, we apply *United States v. Fagans,* 406 F.3d 138 (2d Cir. 2005), rather than *Crosby. Fagans* explains that if an objection is preserved, no plain error analysis is necessary. *See* 406 F.3d at 141. We remand for resentencing, with instructions to vacate the sentence and resentence in conformity with *Booker* and this opinion. *See id.* at 142.

Appellant argues that the Indictment should be dismissed, and his conviction should be vacated, because the Government violated the Speedy Trial Act by making false statements to obtain time to seek an Indictment without the knowledge and consent of Appellant. Appellant also argues that the loans advanced to his company violated federal and state law, and therefore his conviction should be overturned. We have considered Appellant's remaining claims and find them to be without merit.

We deny any remaining motions as moot.

Based on the foregoing, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED for resentencing.