**UNITED STATES of America,**
**Appellee,**

v.

**Antonio GUAMAN, also known as Luis Guaman, also known as Miguel Levonion, also known as Antonio Guzman, also known as Jose Vargas, Defendant–Apellant.**

**No. 04–6667–CR.**

United States Court of Appeals,
Second Circuit.

Dec. 28, 2005.

Robert A. Culp, New York, NY., for Appellant.

Daniel E. Wenner, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; Peter A. Norling, Assistant United States Attorney), Brooklyn, NY., for Appellee, of counsel.

Present: Hon. Thomas J. MESKILL, Hon. Ralph K. WINTER, and Hon. Sonia SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of conviction of the United States District Court for the Eastern District of New York (John-

son, J.) is AFFIRMED but the case RE-MANDED for resentencing.

Appellant Antonio Guaman appeals from a judgment entered on December 16, 2004, sentencing him principally to 46 months' imprisonment for reentering the country illegally, in violation of 8 U.S.C. § 1326(a). We assume the parties' familiarity with the facts in this case, the relevant procedural history, and the issues on appeal.

Guaman's arguments that the remedial opinion in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), cannot, consistent with the *ex post facto* principle of the Due Process Clause, be applied retroactively to his case and that the Due Process Clause requires sentencing factors to be proven beyond a reasonable doubt are foreclosed by our recent opinion in *United States v. Vaughn*, 430 F.3d 518, 524–26 (2d Cir.2005).

Guaman, however, objected below to the application of the Sentencing Guidelines on the basis of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Because Guaman preserved his claim, we remand this case to the district court to resentence in conformity with *Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, and *United States v. Fagans*, 406 F.3d 138 (2d Cir.2005). We address the sentencing issue raised by Guaman because it may impact resentencing. *See United States v. Garcia*, 413 F.3d 201, 220 (2d Cir.2005) (addressing defendants' sentencing argument in order to facilitate the district court's task on remand).

Guaman's argument that the district court erred by imposing a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for having reentered the country illegally after a conviction for a crime of violence is without merit. Guaman previously pled guilty to attempted rape in the second degree, in violation of N.Y. Pen. L. § 130.30, which prohibits a person who is "eighteen years old or more" from "engag[ing] in sexual intercourse with another person less than fifteen years old." "Crime of violence," within the meaning of the Guidelines provision at issue, includes attempted statutory rape. U.S.S.G. § 2L1.2(b)(1)(A)(ii), cmt. (nn.1(B)(iii), 5).

For the foregoing reasons, the judgment of conviction of the district court is AFFIRMED, and the case is REMANDED for resentencing.