**UNITED STATES of America,**
**Appellee,**

v.

**Andrew FAGANS, Defendant–**
**Appellant.**

**Docket No. 04–4845–CR.**

United States Court of Appeals,
Second Circuit.

Argued: April 6, 2005.

Decided: April 27, 2005.

John C. Mabie, Brattleboro, VT (Gale, Corum, Mabie & Cook, Brattleboro, VT, on the brief), for Defendant–Appellant.

Gary G. Shattuck, Asst. U.S. Atty., Rutland, VT (David V. Kirby, Acting U.S. Atty., Rutland, VT, on the brief), for Appellee.

Before: NEWMAN, CABRANES, and POOLER, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This sentencing appeal concerns issues arising in the aftermath of the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's opinion in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). The issues are (1) whether to remand for resentencing, rather than for consideration of whether to resentence, where an objection to the compulsory use of the Sentencing Guidelines has been preserved for review, (2) whether, in some circumstances, to review the correctness of a Guidelines calculation now that the compulsory nature of the Guidelines has been eliminated, and (3) whether the calculation was correct in this case. Defendant–Appellant Andrew Fagans appeals from the August 26, 2004, judgment of the United States District Court for the District of Vermont (J. Garvan Murtha, District Judge) convicting him on a plea of

guilty of one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), and sentencing him primarily to 24 months' imprisonment. We conclude that the Guidelines calculation should now be reviewed, that the calculation was correct, and that the case should be remanded for resentencing because the District Court understandably but erroneously applied the Guidelines in a compulsory manner and the Defendant preserved his objection to that error.

## Background

ATF Agents arrested Fagans during the investigation of a domestic burglary, during which he and his friends stole marijuana and a shotgun from a home in Springfield, Vermont. At the time of the burglary, a felony information was pending against the Defendant in state court, and he was serving a term of probation for unrelated state charges. The Defendant ultimately pled guilty, pursuant to a plea agreement, to possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). In the Plea Agreement, the Government waived further prosecution, dismissed the remaining counts, and agreed to recommend an acceptance of responsibility reduction (U.S.S.G. § 3E1.1) and a sentence at the low end of the applicable sentencing range.

The presentence report ("PSR") assigned the Defendant a total offense level of 13 and Criminal History Category IV, yielding a Guidelines range of 24–30 months' imprisonment. The PSR began with a base offense level of 14, since Defendant was a "prohibited person," U.S.S.G. § 2K2.1 cmt. 6, by virtue of being charged in an information with a crime punishable by greater than one year in state court at the time of the offense. It added two levels for an offense involving a stolen firearm, U.S.S.G. § 2K2.1(b)(4),

then subtracted three levels for acceptance of responsibility, U.S.S.G. § 3E1.1. The PSR increased the Defendant's initial Criminal History Category of III, based on his prior record, to IV because he committed the instant offense while on probation from a state conviction.

Prior to sentencing, the Defendant submitted a sentencing memorandum objecting to the PSR's recommended sentence on the grounds that *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), rendered the application of the Guidelines unconstitutional and that *Blakely* prohibited the sentencing judge's enhancement of both his offense level and his criminal history category.

The District Court sentenced the Defendant in August 2004. The Defendant renewed his *Blakely* objections, but both parties recognized that this Court's decision in *United States v. Mincey,* 380 F.3d 102 (2d Cir.2004), required the District Court to apply the Guidelines, and the sentencing judge did so. Judge Murtha adopted the PSR's Guideline calculation, and sentenced the Defendant to 24 months' imprisonment, the bottom of the applicable Guidelines range.

## Discussion

The Supreme Court's decision in *Booker* excised subsection 3553(b)(1) of Title 18, thereby eliminating the requirement that the Sentencing Guidelines be applied in a compulsory manner. *See United States v. Crosby,* 397 F.3d 103, 108–14 (2d Cir.2005). *Booker* applies to cases, like the Defendant's, pending on direct review, *see Booker,* 125 S.Ct. at 769. The District Court's compulsory use of the Guidelines, in conformity with our then-applicable decision in *Mincey,* was therefore erroneous. Since Fagans objected, prior to sentencing, to the compulsory application of the Guidelines, he has preserved the error, and the

procedure for applying plain-error analysis that we set forth in *Crosby* is inapplicable.[1]

As a result of the preserved error, we could simply reverse for the erroneous imposition of a sentence under the compulsory force of the Guidelines and remand for resentencing without any further adjudication. However, in the post-*Booker* sentencing regime, a sentencing judge must consider the factors specified in 18 U.S.C. § 3553(a), normally including the applicable Guidelines range, *id.* § 3553(a)(4)(A), before deciding whether to impose a Guidelines sentence or a non-Guidelines sentence. *See Crosby*, 397 F.3d at 110–12. In many circumstances, an incorrect calculation of the applicable Guidelines range will taint not only a Guidelines sentence, if one is imposed, but also a non-Guidelines sentence, which may have been explicitly selected with what was thought to be the applicable Guidelines range as a frame of reference. *See United States v. Rubenstein*, 403 F.3d 93, 98–99 (2d Cir.2005). If the issue concerning the correctness of a Guidelines calculation is difficult, an appellate court might understandably prefer not to resolve the issue upon an initial appeal of a pre-*Booker* sentence and instead to remand, either under *Crosby* if the Guidelines error is unpreserved, or for resentencing if the error is preserved.[2] On the other hand, if the Guideline calculation issue is not difficult, it might often be preferable to adjudicate the calculation issue promptly so that subsequent sentencing proceedings will occur in light of a correct calculation. We deem that course preferable in this case, and therefore turn to the Defendant's specific objections to the Guidelines calculation.

 *Enhancement for Stolen Firearm.* The Defendant pled guilty to possessing a stolen firearm. Inherent in this guilty plea is the Defendant's admission that the crime involved a stolen firearm. Thus, since the Defendant admitted to possessing a stolen firearm, this enhancement was correct under the Guidelines and does not violate Defendant's Sixth Amendment rights.

 *Increase in Criminal History Category.* The District Court assessed criminal history points for two felonies to which the Defendant pled guilty, as well as a felony to which he pled *nolo contendere*. The Defendant did not object to such facts in the PSR. The District Court also increased the Criminal History Category from III to IV (by adding two points) because Fagans committed his current offense while on probation. The PSR noted, without objection by the Defendant, that he was serving a term of 6–12 months probation at the time of the offense. These "fact[s] of a prior conviction" do not implicate Defendant's Sixth Amendment rights. *Booker*, 125 S.Ct. at 748–49. While the exact scope of the phrase "fact of a prior" conviction has yet to be deter-

---

1. Although the Defendant's objection, based on *Blakely*, to the compulsory use of the Guidelines could be viewed as limited to preserving only a Sixth Amendment objection, we think he sufficiently alerted the District Court to his claim that it was unlawful to use the Guidelines in a compulsory manner. In light of *Booker*, we now know that the compulsory use of the Guidelines constitutes sentencing under an excised provision of law, a result that surely constitutes error, whether the error is considered punishment without due process of valid law or statutory error in that section 3553(a)(4)(A) was relied on to the exclusion of the other factors specified in section 3553(a). The Defendant's objection to the compulsory use of the Guidelines was adequately preserved.

2. Of course, an unresolved claim of error in a Guidelines calculation might return to the appellate court upon appeal from a sentence imposed under the post-*Booker* regime, but such appeals are not inevitable.

mined, *see Shepard v. United States*, —— U.S. ——, 125 S.Ct. 1254, 1262, 161 L.Ed.2d 205 (2005), the conviction itself and the type and length of a sentence imposed seem logically to fall within this exception. Thus, the Defendant's criminal history calculation was correct under the Guidelines and did not affect his Sixth Amendment rights.

 *Enhancement for Prohibited Person.* The District Court, adopting the findings of the PSR, assigned the Defendant a base offense level of 14 because, under U.S.S.G. § 2K2.1, he was a "prohibited person"—charged under a pending information at the time of the offense.[3] This finding of the pendency of an information to enhance the base offense level might encounter Sixth Amendment objections since the relevant fact is not a prior conviction nor was it admitted by the Defendant.

 Nevertheless, the "prohibited person" determination was proper for reasons that encounter no Sixth Amendment objection. The PSR indicates that the Defendant pled guilty to a felony (aiding in the commission of a felony) in July 2000, approximately nine months prior to the instant offense. A felony in Vermont is a crime punishable by more than two years in prison, *see* Vt. Stat. Ann. tit. 13, § 1 (2003). Thus, the Defendant falls within 18 U.S.C. § 922(g)'s definition of prohibited person:

> It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or

to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Since the Defendant made no objection to the facts contained in the PSR, the fact of this prior conviction may be taken as admitted, and its use to enhance the base offense level was correct under the Guidelines and encounters no Sixth Amendment objection.

### Conclusion

Since the Guideline calculation was correct, but the compulsory use of the Guidelines was erroneous, and Fagans preserved his objection to that error, we remand to the District Court with instructions to vacate the sentence and resentence in conformity with *Booker* and this opinion.

---

**3.** Section 922(n) prohibits persons who are under "indictment." For the purposes of that section, "[t]he term 'indictment' includes an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted." 18 U.S.C. § 921(a)(14).