SUMMARY ORDER
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby remanded to the District Court for resentencing.
The United States appeals from the July 2, 2004, judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, District Judge) convicting Defendant-Appellee Ronald A. Roberts of one count of making a false statement under penalty of perjury in relation to a bankruptcy case (“Count III”), in violation of 18 U.S.C. §§ 152(3) and 2, and one count of making and using materially false writings and documents in a matter within the jurisdiction of the Executive Branch (“Count V”), in violation of 18 U.S.C. §§ 1001(a)(3) and 2.
We assume the parties’ familiarity with the facts.
The sentencing judge, acting prior to the decision in United States v. Booker, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), understandably endeavored to apply the Guidelines and had no occasion to consider a non-Guidelines sentence, as Booker now permits. Had the Defendant appealed to challenge the application of the Guidelines in a compulsory manner, we would face the issue of whether the sentence should be remanded pursuant to United States v. Crosby, 397 F.3d 103 (2d *472 Cir.2005), if the Defendant’s claimed error was not preserved, or reversed for resentencing if the Defendant’s claimed error was preserved, see United States v. Fagans, 406 F.3d 138 (2d Cir.2005). In this case, however, the Defendant has neither appealed nor taken a cross-appeal in response to the Government’s appeal. The only appeal is taken by the Government. Because even under the post-Booker sentencing regime, calculation of a correct Guideline sentencing range will normally be part of the process of determining an appropriate sentence, see United States v. Rubenstein, 403 F.3d 93, 98-99 (2d Cir. 2005); but see Crosby, 397 F.3d at 112 (circumstances where calculation of applicable Guideline sentencing range might not be required), it remains important in this case to review the correctness of the District Court’s determinations that a Guidelines sentence for Roberts would not include an enhancement for obstruction of justice and that the counts on which he was convicted would be grouped. It is true that correction of any Guidelines errors might not alter the sentence because the District Court may ultimately impose the same sentence on remand as a “non-Guidelines” sentence, and this would be upheld so long as the District Court “considered” the properly applicable Guidelines range and imposed a “reasonable” sentence, taking account of appropriate sentencing factors under 18 U.S.C. § 3553.
1. Substantial Interference. Substantial interference with the administration of justice includes “a premature or improper termination of a felony investigation; an indictment, verdict or any judicial determination based on perjury, false testimony, or other false evidence; or the unnecessary expenditure of substantial governmental or court resources. ” U.S.S.G. § 2J1.1, comment, (n. 1) (emphasis added). In the pending case, the District Court considered the expenditure of governmental or court resources not to have been “substantial.” Whether we review that determination as a mixed question of law and fact that is predominantly a matter of law or predominantly a matter of fact, see United States v. Vasquez, 389 F.3d 65, 74-75 (2d Cir.2004), we disagree with the District Court. The Defendant’s fraud precipitated a needless bankruptcy proceeding, which lasted two and one-half years. The expenditure of court resources during that period is unquestionably substantial.
In United States v. Amer, 110 F.3d 873 (2d Cir.1997), we upheld an enhancement for substantial interference where the defendant removed his children to Egypt to prevent their mother from obtaining their physical custody. Because the defendant’s conduct prevented a legal proceeding to determine the custody of the children, “taking matters completely outside the purview of the administration of justice,” we held that the enhancement was proper. Id. at 885. Although the defendant did not interfere with any ongoing legal proceeding, he prevented one from occurring, and acted outside the administration of justice as a “vigilante.” Id. We conclude that Amer supports the application of the “substantial interference” enhancement in this case. Just as the removal of the children in Amer interfered with the custody proceedings, Roberts’s false bankruptcy petition stalled Citicorp’s lawful foreclosure on the property.
The District Court relied on United States v. McSherry, 226 F.3d 153 (2d Cir. 2000), but that decision does not defeat an obstruction enhancement for Roberts. In McSherry, there was no issue as to whether the interference that occurred, extra parole hearings, was substantial; the interference enhancement was rejected because the hearings would have occurred regardless of the defendant’s conduct. He simply was not the cause of the substantial interference. The interference here, how *473 ever, is attributable to Defendant’s admitted use of a false social security number that precipitated an entirely unwarranted bankruptcy proceeding. The enhancement should have been applied.
The Defendant’s claim that only substantial interference with criminal proceedings can qualify for the enhancement is mistaken. The list of covered proceedings in note 1 of the commentary to U.S.S.G. § 2J1.3(b)(2) is not exhaustive and can include other proceedings. See Amer, 100 F.3d at 885. Moreover, the proceedings obstructed in Amer were civil child custody proceedings. Id.; see also United States v. Norris, 217 F.3d 262, 273 (5th Cir.2000) (upholding enhancement where defendant’s perjury interfered with “the Bankruptcy Court’s ability to administer justice as required on behalf of rightful creditors from whom [the defendant] wrongfully withheld assets”) (internal quotation marks omitted).
2. Grouping. Counts are “grouped” for purposes of a Guidelines calculation when they involve “substantially the same harm.” U.S.S.G. § 3D1.2. Grouping has the effect of lowering the adjusted offense level compared to the level that would apply if the counts were not grouped. See id. § 3D1.4. The Guidelines specify several circumstances where counts are deemed to involve “substantially the same harm” for purposes of grouping: counts involving the same victim and the same transaction, counts involving the same victim and different transactions that are part of a common scheme, a count that embodies conduct treated as a specific offense characteristic of the guideline applicable to another count, and counts where the offense level is determined by the aggregate amount of harm, such as monetary loss or drug quantity. See id. § 3D1.2(a)-(d). The District Court grouped the Defendant’s acts of false statement to the Bankruptcy Court and false statement to the Executive Branch because they both involved lying for pecuniary gain. However, the fact that two offenses involve the same type of criminal conduct is not alone a permissible basis for grouping. Although all of Roberts’s lies were told to instrumentalities of government, the victim of Roberts’s lies to the Bankruptcy Court was Citicorp, obviously not the same victim harmed by Roberts’s lies to the Executive Branch. Therefore, the Defendant’s offenses should not have been grouped as his offenses did not involve the same victim and were not otherwise within the criteria for grouping.
Because of the errors in the Guidelines calculation, we remand to the District Court for resentencing in conformity with Booker and this Order.