**UNITED STATES of America, Appellee,**

v.

**Juan GONZALEZ, Defendant,**

**Edwin Humberto Serna, also known as Juan Erios, Defendant–Appellant.**

Docket No. 04–5401–CR.

United States Court of Appeals, Second Circuit.

June 29, 2005.

Joshua A. Goldberg, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Katherine Polk Failla, of counsel), New York, NY, for Appellee.

Jerald Levine, Jackson Heights, NY, for Defendant–Appellant.

PRESENT: CALABRESI, B.D. PARKER, Circuit Judges, MUKASEY, Chief District Judge.*

**SUMMARY ORDER**

Defendant-appellant Edwin Humberto Serna ("Serna") appeals the sentence he received following his conviction for conspiracy to distribute, and to possess with intent to distribute, more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 846. We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

In the district court, Serna objected to the validity of his sentence following the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).[A47] He now challenges his sentence in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Accordingly, we vacate his sentence and remand for resentencing. *See United States v. Fagans*, 406 F.3d 138 (2d Cir.2005).

We reject, however, the other sentencing arguments Serna raises in this appeal. *See id.* (recognizing that, in the course of vacating a sentence on the basis of a preserved *Blakely/Booker* objection, "if [a] Guideline calculation issue is not difficult, it might often be preferable to adjudicate the calculation issue promptly so that subsequent sentencing proceedings will occur in light of a correct calculation"). Specifically, the district court did not err in its calculation of the applicable drug quantity under the Guidelines. *See United States v. Chalarca*, 95 F.3d 239, 243 (2d Cir.1996) ("[T]he quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in any direct way, in a jointly undertaken drug transaction."). Nor did the court mistakenly deny Serna a minor role adjustment pursuant to U.S.S.G. § 3B1.2, for Serna did not present evidence satisfying his burden of proof for such a departure. *See, e.g., United States v. Yu*, 285 F.3d 192, 200 (2d Cir.2002).

We have considered all of Serna's arguments and, with the exception of his preserved challenge to the validity of his sentence in light of *Blakely* and *Booker*, find them to be without merit. Serna's sentence is VACATED, and the case REMANDED to the district court for resentencing.

---

* The Honorable Michael B. Mukasey, United States District Court for the Southern District of New York, sitting by designation.