**UNITED STATES of America,
Appellee,**

v.

**Jose TORRES, Defendant–Appellant.**

**Docket No. 04–5988.**

United States Court of Appeals,
Second Circuit.

Sept. 19, 2005.

---

27

Jorge Guttlein, New York, NY, for Appellant.

Brian Galle, Attorney, Tax Division, Department of Justice, Washington DC (Alan Hechtkopf, Attorney, Tax Division, Department of Justice, Washington, DC; Roslynn R. Mauskopf, United States Attorney, Eastern District of New York; Eileen J. O'Conner, Assistant Attorney General, on the brief), for Appellee.

Present: CARDAMONE, McLAUGHLIN, and POOLER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **REMANDED.**

Jose Torres appeals from a judgment of the district court entered on his plea of guilty to making a written false declaration to the Internal Revenue Service and principally sentencing him to twenty-one months imprisonment.[1] We assume the parties' familiarity with the facts, procedural background, and statement of appellate issues and hold as follows.

■ The district court did not err when it used the presumptive loss percentage of U.S.S.G. § 2T1.1(c)(1) n.A (1995) to assess the tax loss caused to the government by Torres's failure to report income. Contrary to Torres's argument, the court was not required to use any alternative method of establishing tax loss because Torres did not provide probative evidence supporting any such alternative method. *See United States v. Gordon,* 291 F.3d 181, 188 (2d Cir.2002).

■ Nevertheless, a remand with directions to vacate the sentence and resentence is necessary pursuant to *United States v. Fagans,* 406 F.3d 138, 142 (2d Cir.2005), because Torres objected to the court's Guidelines fact-finding at sentencing. Although the district court indicated it would impose the same sentence if the Guidelines were merely advisory, we have said that "even if a judge, prior to *Booker/Fanfan,* indicated an alternative sentence that would have been imposed if compliance with the Guidelines were not required, that alternative sentence is not necessarily the same one that the judge would have imposed in compliance with the duty to consider all of the factors listed in [18 U.S.C. § 3553(a)]." *United States v. Crosby,* 397 F.3d 103, 118 (2d Cir.2005). Therefore, remand is required notwithstanding the district court's statement.

---

1. Torres does not contest the validity of his guilty plea, so we are concerned only with his sentence.

We remand to the district court with directions to vacate the sentence imposed and resentence in accordance with *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *Fagans.*