**UNITED STATES OF AMERICA,**
Appellee,

v.

**Derek A. VAUGHN, Zaza Leslie Lindo,**
**Defendants–Appellants.**

No. 04–5136–CR.

United States Court of Appeals,
Second Circuit.

Dec. 1, 2005.

Paul S. Brenner, New York, NY, for Appellant Vaughn.

Edward S. Panzer (Robert A. Culp, on the brief), New York, NY, for Appellant Lindo.

Vincent Tortorella, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, John M. Hillebrecht, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

Present: NEWMAN, SOTOMAYOR, Circuit Judges, and DANIELS, District Judge.*

### SUMMARY ORDER

Appellants Derek A. Vaughn and Zaza Leslie Lindo appeal from judgments entered on November 10, 2004, and September 23, 2004, respectively, sentencing Vaughn principally to 97 months' imprisonment and Lindo to 121 months' imprisonment for conspiring to distribute at least fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. We assume the parties' familiarity with the facts in this case, the relevant procedural history, and the issues on appeal. We address the appellants' remaining claims in a concurrently filed opinion.

---

* The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

### 1. *404(b) Ruling*

■ Lindo challenges the district court's admission at trial of evidence relating to his prior felony narcotics conviction where marijuana had been packaged and shipped in substantially the same manner as in the instant case. This Court follows the inclusionary approach to evidence governed by Fed.R.Evid. 404(b). Under this approach, such evidence is admissible unless it is introduced for the sole purpose of showing the defendant's bad character or is overly prejudicial under Fed.R.Evid. 403. *United States v. Germosen,* 139 F.3d 120, 127 (2d Cir.1998). We reverse the trial court's decision to admit such evidence only for abuse of discretion, where the trial judge ruled in an arbitrary or irrational fashion. *Id.*

In his opening statement, Lindo contended that he "wasn't involved in any marijuana conspiracy." Lindo's defense was, essentially, that he was not part of the marijuana conspiracy and that Barnett was implicating him falsely. Lindo put his intent at issue, however, when he admitted his presence at the storage facility at the time of the narcotics delivery, making admissible under Rule 404(b) the evidence of his prior narcotics activities. Moreover, the district court did not abuse its discretion in determining that the probative value of this evidence outweighed its prejudicial effect.

### 2. *Resentencing*

We note that both appellants objected below to the application of the Sentencing Guidelines on the basis of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Because appellants preserved their claim, we remand to the district court to resentence in conformity with *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Fagans,* 406 F.3d 138 (2d Cir.2005). We address the sentencing issues raised by appellants because they may impact resentencing. *See United States v. Garcia,* 413 F.3d 201, 220 (2d Cir.2005) (addressing defendants' sentencing argument in order to facilitate the district court's task on remand).

### 3. *Application of § 2D1.1*

■ Appellants challenge the district court's upward adjustment of their offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a firearm. This adjustment is applied "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. (n.3). As the sentencing court noted, the appellants arranged for drugs to be shipped to a storage facility where they maintained a locker. The locker contained instrumentalities of their narcotics operation, including false identification cards and a digital scale. A police dog responded positively when brought into the locker, indicating that narcotics had been stored there. The locker also contained numerous documents belonging to both appellants, indicating that each exercised control over the locker. Because the guns were found in a locker where appellants stored drug paraphernalia in a facility where drugs were to be delivered, the § 2D1.1(b)(1) enhancement was applicable. *See United States v. Smith,* 215 F.3d 237, 240 (2d Cir.2000) (finding enhancement to be appropriate where "a weapon is present on the premises where drugs are stored") (collecting cases). We find no error in the sentencing court's determination.[1] *See United States*

---

**1.** Lindo also challenges the sentencing court's decision not to resolve the criminal history

category applicable to him, arguing that the court imposed an "effective" enhancement by

*v. Stevens,* 985 F.2d 1175, 1188 (2d Cir. 1993) (holding that sentencing court's finding will not be overturned unless clearly erroneous).

Vaughn's motion to join the arguments presented in Lindo's brief is GRANTED, the judgments of conviction of the district court are AFFIRMED, and the case is REMANDED for resentencing.

sentencing him to 121 months' imprisonment, at the top of the range for criminal history category I and at the bottom of the range for criminal history category III. At sentencing, the district court judge stated that she would impose a sentence of 121 months' incarceration whether Lindo's criminal history category were II or III and that she would impose the same sentence even if she "departed to criminal history category I." We have stated

that there are certain circumstances in which the sentencing court may not need to resolve factual disputes concerning applicable Guideline ranges. *United States v. Crosby,* 397 F.3d 103, 112 n. 12 (2d Cir.2005). On remand, the district court should address Lindo's criminal history category if the sentence it considers reasonable would be affected by the difference between the ranges.