**UNITED STATES of America,**
**Appellee,**

v.

**Damian MACKIE, Defendant–**
**Appellant.**

No. 04–5954–CR.

United States Court of Appeals,
Second Circuit.

Dec. 2, 2005.

Lee J. Freedman, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger, Assistant United States Attorney, on the brief), Brooklyn, New York, for Appellee.

Louis M. Freeman, Freeman Nooter & Ginsberg, New York, New York, for Defendant–Appellant.

Present: WALKER, Chief Judge,
WINTER, and JACOBS, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED and REMANDED for re-sentencing.**

Defendant-appellant Damian Mackie appeals a judgment of conviction, entered September 23, 2003, after a jury trial (Carol Bagley Amon, *Judge*) on a four-count indictment of bank robbery, use of a firearm to commit a crime of violence, and two counts of being a felon in possession of a firearm. Defendant was sentenced to 204 months' imprisonment, five years' super-

vised release, $75,202 in restitution, and a $400 special assessment. Defendant asserts four grounds of error: 1) that the government improperly used the grand jury to subpoena defense witnesses in order to obtain material for impeachment or to build perjury charges against them; 2) that it was improper for the court to join all counts against defendant in one trial; 3) that defendant's sentencing enhancement for brandishing a weapon must be proven to a jury beyond a reasonable doubt, rather than being found by the trial judge by a preponderance of the evidence; and 4) that the case must be remanded for resentencing in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We assume familiarity with the facts and procedural history of this case.

■ Defendant argues that it was improper for the government to call defense alibi witnesses before the grand jury and that the trial judge should have granted a mistrial on that basis. He asserts that the purpose of this inquiry was to obtain impeachment material and to create a "perjury trap." We disagree. It is true that the government may not use a grand jury to prepare for trial under a pending indictment. *United States v. Jones,* 129 F.3d 718, 723 (2d Cir.1997). However, we agree with the district court that the government's motivation was the entirely proper one of investigating the legitimate possibility of jury tampering that came to light after the defendant made threats against another witness.

■ Defendant next contends that joinder of the four offenses in the indictment was improper because Count 4 (possession of a firearm while a felon) was not sufficiently related to the other counts in the indictment within the meaning of Federal Rule of Criminal Procedure 8(a). Defendant is incorrect. Joinder under Rule 8(a) is proper where the same evidence will support the joined counts. *United States v. Tubol,* 191 F.3d 88, 95 (2d Cir.1999). The gun that formed the basis of Count 4 was the gun stolen from the victims of the robbery that formed the basis of Counts 1–3. Thus, the fact that defendant had in his possession a gun stolen from the scene of the robbery was obviously probative of the fact that he participated in the robbery. Evidence of Count 4 would therefore have been admissible in a trial of only Counts 1–3. Likewise, any trial of Count 4 alone would have included evidence of Counts 1–3, since that evidence would have tended to prove that defendant had the gun in his possession by showing an opportunity to possess it. *See United States v. Robinson,* 560 F.2d 507, 509, 513 (2d Cir.1977). Thus, the same evidence supported both sets of charges, and joinder was proper.

Defendant next argues that the imposition of a seven-year mandatory minimum sentence under 18 U.S.C. § 924(c) was unconstitutional under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Defendant argues that *Booker* undermines *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), where the Supreme Court held that a judge may find the requisite facts to impose a mandatory minimum sentence. Regardless of the merits of this argument, we must reject it. This court must adhere to Supreme Court precedent unless and until the Supreme Court itself overrules it. *See State Oil Co. v. Khan,* 522 U.S. 3, 20, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997).

Finally, defendant argues that *Booker* and *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), require a remand to the district court for a new sentencing hearing. Because defendant made a timely objection in the district court, he is entitled to

resentencing. *United States v. Fagans*, 406 F.3d 138, 140–41 (2d Cir.2005).

For the reasons set forth above, the judgment of the District Court for the Eastern District of New York is hereby **AFFIRMED** and the case **REMANDED** for resentencing.