**UNITED STATES of America,
Appellee,**

v.

**John David KNAUSS, Defendant–
Appellant.**

**No. 05–4137.**

United States Court of Appeals,
Second Circuit.

March 16, 2006.

Thomas A. Zonay, Ford & Zonay, P.C., Woodstock, VT, for Appellant.

John P. Tavana, Assistant United States Attorney, Burlington, VT, for Appellee.

Present: ROSEMARY S. POOLER, BARRINGTON D. PARKER, Circuit Judges, and DENNY CHIN,* District Judge.

## SUMMARY ORDER

John David Knauss appeals from a judgment of the United States District Court for the District of Vermont (1) convicting him of possession of child pornography, and (2) sentencing him to 120 months imprisonment. We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues, and hold as follows.

Knauss waived his right to counsel and a hearing on an alleged supervised release violation and agreed to modifications of his supervised release conditions that included unscheduled examinations of his computer. An examination conducted pursuant to the modified supervised release conditions resulted in the discovery of child pornography and in the conviction under review. Contrary to his argument, Knauss had no Sixth Amendment right to counsel in connection with his waiver because a supervision of release violation proceeding is not a criminal prosecution. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Thus, *Michigan v. Jackson*, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986), on which Knauss principally relies, is inapposite.

Also contrary to Knauss's contention, there is no competent evidence in the record that suggests that his waiver of his statutory right to counsel and a hearing was involuntary or unknowing. *See* 18 U.S.C. § 3006A(a)(1)(E); Fed.R.Crim.P. 32.1(b)(2). It is not necessary that a court conduct a Rule 11–type allocution in connection with a waiver and plea on a supervised-release charge. *United States v. Pelensky*, 129 F.3d 63, 67 (2d Cir.1997). Further, the waiver agreement itself recites the rights Knauss waived and the more onerous conditions to which he subjected himself, indicating in the absence of contrary evidence that Knauss understood his rights and the action that would be taken against him. No contrary evidence was presented.

Knauss's challenge to his sentence—based on the use of a prior conviction—is foreclosed by *United States v. Fagans*, 406 F.3d 138, 141–42 (2d Cir.2005) (holding that the fact of a prior conviction may still be found by the court at sentencing after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).

We have considered Knauss's remaining contentions and found that they lack merit. We therefore affirm the judgment of the district court.

---

\* The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.