**UNITED STATES of America,**
**Appellee,**

v.

**John MATRULLI, Defendant–**
**Appellant,**

**Diana M. Bryant, Defendant.**

**No. 05–4993–CR.**

United States Court of Appeals,
Second Circuit.

April 14, 2006.

Frank Policelli, Utica, NY, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney, Edward R. Broton, Assistant United States Attorney, on the brief), United States Attorney's Office for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: JOSEPH M. MCLAUGHLIN, JOSÉ A. CABRANES, Circuit Judges and JOHN GLEESON, District Judge.*

---

* The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Defendant–Appellant John Matrulli, a former credit union officer who defrauded his employer by approving and processing loans supported by false paperwork, challenges the sentence imposed on him following his conviction on all counts of a twenty-two count indictment. We assume the parties' familiarity with the relevant facts, the issues on appeal and the procedural history.

After being charged with one count of conspiring to defraud a financial institution, 18 U.S.C. § 371, eighteen counts of making false entries in financial institution records, 18 U.S.C. § 1005, and three counts of accepting gratuities, 18 U.S.C. § 215(a)(2), Matrulli was convicted by a jury on May 28, 2004 of all counts against him. At sentencing on November 10, 2004, Judge Mordue determined that the applicable loss amount pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2F1.1 was $313,264 and that Matrulli was subject to a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 on account of his perjured testimony at trial. As a result, the applicable Guidelines range was 33–41 months, and the District Court sentenced Matrulli principally to 33 months of imprisonment. Matrulli appealed that sentence, and this Court remanded the case for resentencing pursuant to *United States v. Fagans,* 406 F.3d 138 (2d Cir. 2005). At the resentencing hearing on August 25, 2005, the District Court again sentenced Matrulli principally to 33 months of imprisonment. On this appeal, Matrulli raises two challenges to his sentence: (1) that the sentence is unreasonable and (2) that the District Court erred by applying enhancements that the judge found by a preponderance of the evidence.

In the wake of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review sentences for reasonableness, *see id.* at 261–62, 125 S.Ct. 738; *United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005); *see also United States v. Fernandez,* 443 F.3d 19 (2d Cir.2006) (concluding that pursuant to 18 U.S.C. § 3742(a)(1) this Court has jurisdiction to review a sentence for reasonableness, even if the sentence falls within the applicable advisory Guidelines range). Upon review of the record, we conclude that the sentence imposed, 33 months, which was at the bottom of the advisory Guidelines range, was not unreasonable in light of all the circumstances presented. Moreover, despite Matrulli's argument to the contrary, nothing in the record suggests that Judge Mordue, who explained that he had "considered the factors, all factors outlined in 18 USC [§ ] 3553," in fact failed to carry out his obligation to consider the factors set forth in 18 U.S.C. § 3553(a). *See Fernandez,*—F.3d at—, 443 F.3d 19, 2006 WL 851670, at *9 ("[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors.").

Matrulli argues that the District Court violated his Fifth Amendment right to due process of law by increasing the applicable offense level from 8 to 20 on the basis of enhancements for loss amount and obstruction of justice that the judge determined by a preponderance of the evidence. "We reiterate that, after *Booker,* district courts' authority to determine sentencing factors by a preponderance of the evidence endures and does not violate the Due Process Clause of the Fifth Amendment." *United States v. Vaughn,* 430 F.3d 518, 525 (2d Cir.2005).

We have considered all of Matrulli's arguments on appeal and find them to be

without merit. Accordingly, the judgment of the District Court is AFFIRMED.