**UNITED STATES of America, Appellee,**

v.

**Ernest VARACALLI, Defendant–Appellant.**

No. 06–3769–cr.

United States Court of Appeals, Second Circuit.

March 11, 2008.

Robert J. Krakow, Lake Success, NY, for Appellant.

John M. Hillebrecht, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; Celeste L. Koeleveld, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

Present: Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. BRIAN M. COGAN, District Judge.[1]

**SUMMARY ORDER**

Defendant–Appellant Ernest Varacalli appeals from a judgment of conviction entered on 5 July 24, 2006, in the United States District Court for the Southern District of New York, following a resentencing before the Honorable Barbara S. Jones. Varacalli was originally sentenced to a total of 121 months imprisonment by the Honorable John S. Martin, then–United States District Judge, on December 13, 2002. By Order dated July 12, 2005, this Court remanded the case in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). On remand, the case was assigned to Judge Jones; Judge Martin had left the bench in the interim. On July 12, 2006, the District Court resentenced Varacalli to a total of 108 months imprisonment (a reduction of 13 months from his original sentence). Familiarity by the parties is

---

1. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

assumed as to the facts, the procedural context, and the specification of appellate issues.

Varacalli's sole argument is that "the District Court erred in finding that it did not have [the] authority to re-sentence [him] *de novo* pursuant to the remand order of the Second Circuit," and, on that basis, he seeks only "an opportunity to be heard at a full re-sentencing." [2] Varacalli's argument appears to be premised on his allegation that Judge Jones rejected his argument that he had properly preserved a Sixth Amendment objection to an increased sentence based on judicial fact-finding at his initial sentencing proceeding and was thus entitled to an automatic re-sentencing under *United States v. Fagans,* 406 F.3d 138 (2d Cir.2005). Under *Fagans,* a defendant whose appeal was pending when the Supreme Court issued its decision in *Booker,* and who preserved his objection to sentencing enhancements based on facts found by a judge rather than a jury, is entitled to automatic resentencing unless the Government can show that the sentencing error caused by the mandatory use of the guidelines was harmless. *Id.* at 142; *see also United States v. Lake,* 419 F.3d 111, 113 (2d Cir.2005). Judge Jones did not reject Varacalli's *Fagans*-based argument, however. Instead, she noted that "whether or not Varacalli should have gotten automatic resentencing under *Fagans* is really academic," because she'd already "made the decision to resentence him." She made explicit her "inten[tion] to ... review all of the materials, look at them and resentence." Judge Jones then proceeded to resentence Varacalli *de novo.* She heard complete argu-

ments on both of the contested guidelines issues (loss amount and criminal history) and "made *de novo* finding[s] on [them], which are the same as Judge Martin's assessment, having looked at all the facts." Finally, having "taken into account" all of the relevant sentencing factors, Judge Jones decide to "reduce [Varacalli's] sentence by one year," because "he has a deteriorating medical condition ... that ... is going to make it increasingly difficult for him to spend time in prison." Thus, Varacalli has already received the "opportunity to be heard at a full re-sentencing" that he now requests—notwithstanding the fact that he may not have been legally entitled to it.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.

---

2. In his statement of the issues, Varacalli also asks "[w]hether the standard of reasonableness as applied to sentencing is Constitutional." However, Varacalli never mentions this issue again nor makes any argument related

to it. In any case, "reasonableness" is the standard of review that the Supreme Court instructed appellate courts to apply in *Booker,* and the Second Circuit has followed that in-

struction, as it must. *See Crosby,* 397 F.3d at 110–13.

