**UNITED STATES of America,**
**Appellee,**

v.

**Rodney THOMAS, Defendant–**
**Appellant.**

No. 04–6497–cr.

United States Court of Appeals,
Second Circuit.

April 16, 2008.

As Corrected April 17, 2008.

Jonathan B. New, Karl Metzner, Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, for Appellee.

Cheryl J. Sturm, Chadds Ford, PA, for Defendant–Appellant.

PRESENT: Hon. BARRINGTON D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. MIRIAM GOLDMAN CEDARBAUM[1], District Judge.

SUMMARY ORDER

We assume the parties' familiarity with the underlying facts and procedural history of this case. Defendant–Appellant Rodney Thomas ("Thomas") appeals from the judgment of conviction entered by the United States District Court for the Southern District of New York (Stein, *J.*) after he pled guilty to one count of conspiracy to distribute and possess with intent to distribute PCP.

Thomas challenges the district court's application of a four-level sentence enhancement under U.S.S.G. § 3B1.1(a), which applies to "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." When we examine a district court's imposition of a Section 3B1.1 enhancement, "it is well established that we review its factual findings for clear error." *United States v. Huerta,* 371 F.3d 88, 91 (2d

---

1. The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

Cir.2004) (per curiam). As to the district court's application of the guidelines to the facts, "we are to give 'due deference' to the district court." *Id.* (citing 18 U.S.C. § 3742(e)). However, "cases in this Circuit are not wholly consistent in expressing how much deference is 'due' the district court's determination when reviewing the imposition of an aggravating role adjustment. Some apply a clear error standard ... others review the adjustment *de novo.*" *United States v. Burgos,* 324 F.3d 88, 91 (2d Cir.2003) (citations omitted). We need not resolve this issue in this case because we would reach the same result under either standard.

The district court correctly applied Section 3B1.1(a) and supported the enhancement with sufficient findings. The record before the district court established that the PCP scheme involved more than five participants. Furthermore, the district court found specifically that Thomas "had a number of people working for him as is set forth quite explicitly on the call reports, the transcripts of which I reviewed for this sentencing. . . . He says that quite specifically in the phone calls, and I find that he is an organizer or a leader." The court also explicitly adopted the findings of fact in the presentence report ("PSR"), which further demonstrate Thomas's role as a leader or organizer in the scheme. *See, e.g., United States v. Escotto,* 121 F.3d 81, 85 (2d Cir.1997) ("The district court is entitled to rely on the factual findings in the PSR, provided, however, that the court explicitly adopts them . . . .").

Although we find no error in the district court's application of the aggravating role enhancement, we nevertheless remand this case to the district court for resentencing pursuant to *United States v. Fagans,* 406

F.3d 138 (2d Cir.2005). In that case we found that remand for resentencing in conformity with *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is appropriate where a district court, operating pre-*Booker,* correctly calculates a sentence under the Sentencing Guidelines but erroneously treats the guidelines as compulsory, and a defendant preserves his objection to that error. *Fagans,* 406 F.3d at 142. The government concedes that "Thomas preserved his objection to the mandatory application of the Guidelines," and is thus entitled to a remand for resentencing consistent with the principles set forth in *Booker.*

For the foregoing reasons, we AFFIRM the judgment of conviction and REMAND this case to the district court with instructions to VACATE and RESENTENCE in conformity with *Booker.*