**UNITED STATES of America,**
**Appellee,**

v.

**Daron PEARSON, also known as**
**Zoo, Defendant–Appellant,**

Sean Pearson, also known as Shawn Pearson, Leteisha Hunte, also known as Teisha, Demetrius Drummond, also known as Sleepy, Sirmair Johnson, also known as Snipe, Desir Dumonese, Donnie Reillo, also known as Spud, also known as Donni Riley, Charles Richardson, also known as Chuck, Rod Smith, Larry Williams, Defendants.

No. 06–4482–cr.

United States Court of Appeals, Second Circuit.

April 25, 2008.

Mitchell L. Pearl, Peter F. Langrock, Langrock Sperry & Wool, LLP, Middlebury, VT (Paul P. Rinaldo, Forest Hills, NY, on the brief), for Defendant–Appellant.

Pamela K. Chen, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, of counsel; Roslynn R. Mauskopf, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, New York, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Defendant–Appellant Daron Pearson appeals from the amended judgment of conviction of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge* ), entered on September 26, 2006, resentencing him upon a guilty plea principally to 216 months' imprisonment for one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), following our *Crosby* remand, pursuant to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), *cert. denied,* —— U.S. ——, 127 S.Ct. 260, 166 L.Ed.2d 202 (2006). We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

On appeal now, Pearson argues that the District Court erred in declining to consider the disparity between crack and powder cocaine sentences under the Guidelines. In addition, Pearson argues that the District Court failed to consider the disparity between his sentence and that of his co-defendant, and failed to give sufficient weight to his health problems and acceptance of responsibility. It is now clear that district courts have authority to consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses. *See Kimbrough v. United States,* 552 U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007); *United States v. Regalado,* 518 F.3d 143 (2d Cir.2008). As Pearson objected to the District Court's decision not to consider the crack-cocaine Guidelines disparity, remand to the District Court is warranted. *See United States v. Fagans,* 406 F.3d 138, 142 (2d Cir.2005). We note that the government agrees remand is necessary. As we are remanding to the district court, we refrain from considering the other challenges at this juncture, *see United States v. Irving,* 452 F.3d 110, 126 (2d Cir.2006); however, we note that in resentencing defendant, the District Court must do so in light of *Kimbrough,* 128 S.Ct. 558, as well as *Gall v. United States,* 552 U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

For these reasons, we REMAND the judgment to the District Court with in-

structions to VACATE the sentence and RESENTENCE Pearson consistent with *Kimbrough*, 128 S.Ct. 558, and *Gall*, 128 S.Ct. 586. We direct that this appeal be removed from the argument calendar for April 28, 2008. Any appeal taken from the District Court's decision on remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).