12-45-cr
United States v. Barquet

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of December, two thousand twelve.

PRESENT: DENNY CHIN,
         RAYMOND J. LOHIER, JR.,
                 Circuit Judges,
         PAUL G. GARDEPHE,
                 District Judge.[*]

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    12-45-cr

ROBERTO CARLOS BARQUET,
         Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                   Sarah E. Paul, Brent S. Wible,
                                Assistant United States Attorneys,
                                for Preet Bharara, United States
                                Attorney for the Southern District
                                of New York, New York, New York.

---

[*]     The Honorable Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:       James M. Branden, Law Office of
                               James M. Branden, New York, New
                               York.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Roberto Carlos Barquet appeals from a judgment entered December 28, 2011, of the United States District Court for the Southern District of New York (Hellerstein, J.).  After Barquet pled guilty to conspiracy to distribute heroin pursuant to 21 U.S.C. § 846, the district court sentenced him principally to forty-six months' imprisonment. Barquet challenges this sentence on both procedural and substantive grounds.[1]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a sentence imposed by a district court for reasonableness.  United States v. Cavera, 550 F.3d 180, 189-90 (2d Cir. 2008) (en banc).  "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)."  United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009).

---

[1]     Barquet's brief frames this appeal as one of substantive reasonableness.  Because, however, he also alleges that the district court failed to properly consider the factors outlined in 18 U.S.C. § 3553(a), he is arguably challenging the procedural reasonableness of his sentence; we therefore engage in a review of procedural reasonableness as well.

## A.    Procedural Reasonableness

Barquet first argues that the district court failed to give "full consideration" to certain statutory factors, in particular, his history and characteristics, including health problems, drug and alcohol addiction, and cooperation with the government.  We disagree.

A district court procedurally errs when it does not consider the factors outlined in 18 U.S.C. § 3553(a).  Cavera, 550 F.3d at 190; see also Gall v. United States, 552 U.S. 38, 49-50 (2007).  Unless the record suggests otherwise, however, "we presume . . . that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors."  United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006).

At sentencing, the district court imposed a below-Guidelines sentence to "reflect[] the help that [Barquet] gave the government."  Sentencing Tr. at 13.  Furthermore, it specifically acknowledged Barquet's financial difficulties, and earlier in the hearing, defense counsel and Barquet both stressed that the debt was tied to Barquet's health problems and addiction to alcohol and drugs.  The court's explanation of its reasoning reflects a careful consideration of Barquet's arguments.

As we do not require "robotic incantations" of the § 3553(a) factors, United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005) (internal quotation marks omitted), abrogated on other grounds by United States v. Fagans, 406 F.3d 138 (2d Cir. 2005), and because the record does not suggest otherwise, we conclude that the district court properly considered those factors,

-3-

Fernandez, 443 F.3d at 30, and hold that Barquet's sentence was procedurally reasonable.

**B.   Substantive Reasonableness**

Barquet also argues that his forty-six month sentence was substantively unreasonable.  This challenge also fails.

A sentence imposed by the district court is substantively unreasonable only if it "cannot be located within the range of permissible decisions."  Cavera, 550 F.3d at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)).  We will set aside sentencing decisions only in "exceptional cases," id., as we will not substitute our judgment for that of the district court, Fernandez, 443 F.3d at 27.

Barquet's sentence was well within the range of reasonable sentences.  He was convicted of conspiring to distribute 998.5 grams of heroin, just shy of the 1000 grams that would ordinarily carry a ten-year mandatory minimum sentence.  21 U.S.C. § 841(b)(1)(A).  Moreover, because Barquet qualified for the safety valve under § 3553(f), the applicable Guidelines range was fifty-seven to seventy-one months, and thus the district court's forty-six month sentence was well below the Guidelines range.  The district court gave appropriate weight to the mitigating factors offered by Barquet, but balanced them against the seriousness of his conduct.  See United States v. Capanelli, 479 F.3d 163, 165 (2d Cir. 2007) ("[T]he weight given to any single factor 'is a matter firmly committed to the discretion of the sentencing judge and is beyond our review.'" (quoting

-4-

<u>Fernandez</u>, 443 F.3d at 32)).  We therefore conclude that Barquet's sentence was substantively reasonable.

We have considered Barquet's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

<div style="margin-left: 45%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>