18-234-cr
*United States v. Lopez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand eighteen.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    18-234-cr

JOSE LOPEZ,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | TIFFANY H. LEE, Assistant United States Attorney, Of Counsel, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, New York, NY. |
| For Defendant-Appellant: | STEVEN SLAWINSKI, Federal Public Defender's Office, Western District of New York, Rochester, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REMANDED**.

Defendant-Appellant Jose Lopez pleaded guilty to one charge of violating a condition of his supervised release after he tested positive for drug use on multiple occasions during his term of supervision. Based on this plea, the district court sentenced Lopez principally to ten months' imprisonment on January 22, 2018. Lopez appeals his sentence and contends that the district court's mistake in its United States Sentencing Guidelines ("Guidelines") calculation was procedurally unreasonable. Lopez also argues that his sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The parties agree that the district court committed a procedural error by mistakenly calculating the applicable Guidelines range to be 18 to 24 months, when the correct Guidelines range should have been 7 to 13 months.[1] *See United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) ("A district court commits procedural error where it . . . makes a mistake in its Guidelines calculation."). Because Lopez failed to object to this error at the time of sentencing, our review is for plain error. *United States v. Marcus*, 560 U.S. 258, 262 (2010) (noting plain error review requires assessing whether (1) there is an error; (2) the error is clear or obvious; (3)

---

[1] The district court determined that Lopez pleaded guilty to a Grade B violation, which is "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year." U.S.S.G. § 7B.1(a)(2). This led the district court to conclude that the applicable Guidelines range was 18 to 24 months. In fact, Lopez pleaded guilty to a Grade C violation, which is "conduct constituting (A) a federal, state or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." *Id.* § 7B1.1(a)(3). The applicable Guidelines range for Lopez's Grade C violation was 7 to 13 months.

the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings).

Although the government does not dispute that the district court committed a clear or obvious error, the government nevertheless argues that "Lopez fails to show any 'reasonable probability' that the district court's failure to apply the correct advisory Sentencing Guidelines range affected the outcome of the proceedings." Appellee Br. 10 (quoting *Marcus*, 560 U.S. at 262). We disagree. "In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016); *see also id.* at 1345–46 ("A district court that 'improperly calculates' a defendant's Guidelines range . . . has committed a 'significant procedural error.'" (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007) (brackets omitted)). Here, the district court applied the "incorrect, higher Guidelines range" by first identifying the applicable Guidelines range as 18 to 24 months "since this is a Grade B violation," J.A. 16, before then describing the sentence imposed with reference to the Guidelines, announcing that, "the Court will not impose a guideline sentence, but will sentence the defendant, Jose Lopez, to the custody of the Bureau of Prisons and the Attorney General for a period of ten months," *id.* at 23. By observing that it would not impose a "guideline sentence," the district court seems to have believed that ten months was a below-Guidelines sentence, when in fact the ten-month sentence was well within the correct Guidelines range of 7 to 13 months. *See United States v. Fagans*, 406 F.3d 138, 141 (2d Cir. 2005) (holding that "an incorrect calculation of the applicable Guidelines range will taint not only a Guidelines sentence, if one is imposed, but also a non-Guidelines sentence, which may have been explicitly selected with what was thought to be the applicable Guidelines range as a

frame of reference"); *see also United States v. Dorvee*, 616 F.3d 174, 181–82 (2d Cir. 2010) (observing that the Guidelines range "serves as the district court's 'starting point' in selecting a sentence" and that the court's "miscalculation of the Guidelines sentencing range carried serious consequences for the defendant"). Based on the record before us, we cannot discern whether the district court would have reached the same conclusion had it known that it was applying the wrong Guidelines range of 18 to 24 months. *See Molina-Martinez*, 136 S. Ct. at 1347 ("Where . . . the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights."). We therefore conclude that the district court's Guidelines miscalculation was plain error and remand is warranted. *See, e.g., United States v. Bennett*, 839 F.3d 153, 163 (2d Cir. 2016) (finding plain error "even though the [sentencing court] asserted it was 'not moved by' the Guidelines" because the court referenced the Guideline range multiple times "in framing its choice of a seven-year below-Guidelines sentence").

On remand, the district court shall advise whether, starting with the correct Guidelines range of 7 to 13 months, it would have imposed the same sentence. If the district court would have imposed a different sentence, it shall resentence Lopez accordingly. *Molina-Martinez*, 136 S. Ct. at 1348 (approving use of "mechanisms short of a full remand" and citing with approval *United States v. Currie*, 739 F.3d 960, 967 (7th Cir. 2014) (ordering "limited remand so that the district judge [could] consider, and state on the record, whether she would have imposed the same sentence . . . knowing that [the defendant] was subject to a five-year rather than a ten-year statutory minimum term of imprisonment")); *cf. United States v. Crosby*, 397 F.3d 103, 120 (2d Cir. 2005) ("[W]ithout requiring alteration of Crosby's sentence, we will remand the case to the District Court so that [it] may consider, based on the circumstances at the time of the

original sentence, whether to resentence, after considering the currently applicable statutory requirements as explicated in *Booker*/*Fanfan* and this opinion.").

*  *  *

Having identified a procedural error warranting remand, we do not reach Lopez's challenge to the substantive reasonableness of his sentence. *See Cavera*, 550 F.3d at 190. Accordingly, we **REMAND** this case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk