**UNITED STATES of America,**
**Appellee,**

v.

**Clive F. HYMAN, Defendant–Appellant.**

**No. 05–4590–CR.**

United States Court of Appeals,
Second Circuit.

March 20, 2006.

Stephan J. Baczynski, Assistant United States Attorney (Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, on the brief), Buffalo, New York, for Appellee.

Jon P. Getz, Muldoon & Getz, Rochester, New York, for Defendant–Appellant.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI, and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Clive F. Hyman appeals from a July 5, 2005, order entered in the United States District Court for the

Western District of New York (Charles J. Siragusa, *Judge* ) denying Hyman's application for resentencing. Hyman argues that (1) because he preserved for appellate review his Sixth Amendment objection to the United States Sentencing Guidelines ("USSG"), he is entitled to resentencing; and (2) enhancements to his sentence may not be based on conduct for which he was acquitted by a jury. We assume familiarity with the facts and procedural history.

Defendants whose appeals were pending when the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and who preserved their objection to sentencing enhancements based on facts found by a judge rather than a jury are entitled to resentencing, *United States v. Fagans*, 406 F.3d 138, 142 (2d Cir.2005), unless the government can show that the sentencing error caused by the mandatory use of the USSG was harmless. *United States v. Lake*, 419 F.3d 111, 113 & n. 2 (2d Cir.2005). Despite the sentencing judge's statements at Hyman's remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), we cannot be certain that Hyman's sentence would have been the same had he been given the opportunity to present to the sentencing judge arguments not available to him at the *Crosby* remand. Therefore, the error is not harmless and Hyman must be resentenced pursuant to *Fagans*.

"[D]istrict courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct...." *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir.2005). Hyman's contention that the district court erred in enhancing his sentence based on the district judge's finding that Hyman was in possession of a firearm in connection with drug trafficking is therefore without merit and may not be pressed at resentencing.

For the reasons set forth above, the decision of the United States District Court for the Western District of New York is hereby VACATED and REMANDED for resentencing.