**UNITED STATES of America,**
**Appellee,**

v.

**Leon LOWE, Defendant–Appellant.**

**No. 04–5149–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 11, 2006.

Yuanchang Lee, The Legal Aid Society, Federal Defender, New York, NY, for Defendant–Appellant.

Thomas G.A. Brown, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, on the brief, Peter G. Neiman, of counsel), New York, NY, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, Hon. DAVID G. TRAGER, District Judge.[1]

### SUMMARY ORDER

Appellant Leon Lowe appeals from a judgment of the United States District Court for the Southern District of New York (Howell, *J.*) entered on October 5, 2004. Lowe pleaded guilty to both counts of a two-count indictment charging him with (1) depositing fraudulently negotiated credit card convenience checks in violation of 18 U.S.C. § 1344 and (2) using credit card numbers issued to other persons, without their consent, in violation of 18 U.S.C. § 1029(a)(5). The district court sentenced Lowe principally to 42 months' imprisonment and five years' supervised release and ordered Lowe to make restitution in the amount of $16,688. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of issues.

First, Lowe challenges the district court's determination of "total loss" under section 2B1.1(b)(1) of the Sentencing Guidelines. *See* USSG § 2B1.1(b)(1) (Nov. 2003). We reject Lowe's argument that the district erred in determining total loss under the preponderance standard. "Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives [*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ]," *United States v. Garcia*, 413 F.3d 201, 220 n. 15 (2d Cir.2005), and a district court must apply the preponderance standard even to judicial fact-finding relating to uncharged offense conduct, *see id.* at 222–24 (affirming the sentencing court's application of a preponderance standard in determining uncharged drug quantities and uncharged role determinations); *United States v. Agudelo*, 414 F.3d 345, 349–52 (2d Cir.2005) (affirming the sentencing court's application of a preponderance standard in applying an uncharged obstruction of justice enhancement). Reviewing the district court's findings underlying its loss calculation for clear error, *see Garcia*, 413 F.3d at 222, we find none.

Second, Lowe contends that the restitution order violates the Sixth Amendment as construed in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because it is based on facts that were neither proved beyond a reasonable doubt to a jury nor admitted by him in his plea allocution. However, we have recently held that judicial fact-finding in connection with a restitution order does not raise the Sixth Amendment concerns identified in *Booker. See United States v. Reifler*, 446 F.3d 65, 118 (2d Cir.2006); *see also United States v. Boccagna*, 450 F.3d 107, 108–09 (2d Cir.2006). Accordingly, we re-

1. The Honorable David G. Trager of the United States District Court for the Eastern District of New York sitting by designation.

ject as without merit Lowe's constitutional challenge to the restitution order.

Finally, we agree that Lowe is entitled to a remand for resentencing under *United States v. Fagans*, 406 F.3d 138 (2d Cir.2005).

For the reasons set forth above, the district court's judgment is hereby AFFIRMED IN PART and the case is REMANDED to the district court with instructions to vacate the sentence and resentence in conformity with *Booker* and *Fagans*. Any appeal taken from the district court following this remand and resentencing can be initiated only by filing a new notice of appeal. *See* For the Court Fed. R.App. P. 3, 4(b).