**UNITED STATES of America,**
**Appellee,**

v.

**Herman JAMES, Defendant–Appellant.**

No. 06–5256–cr.

United States Court of Appeals,
Second Circuit.

March 11, 2008.

John A. Marrella, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief; William J. Nardini, Assistant United States Attorney, of counsel), New Haven, CT, for Appellant.

Jonathan J. Einhorn, New Haven, CT, for Appellee.

Present: Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, Circuit Judges and Hon. BRIAN M. COGAN, District Judge.[1]

---

1. The Honorable Brian M. Cogan, United    States District Court for the Eastern District

## SUMMARY ORDER

Defendant–Appellant Herman James appeals from a November 6, 2006 judgment of the United States District Court for the District of Connecticut (Dorsey, J.) sentencing him to a prison term of 63 months for two counts of counterfeiting in violation of 18 U.S.C. § 472 and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). James was originally sentenced to a prison term of 66 months, and appealed to this Court. In light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's decision in *United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005), we vacated that sentence and remanded for resentencing in conformity with *Booker*. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

On appeal, James now submits that a remand pursuant to *Fagans* required a full resentencing hearing, complete with a new opportunity for the defendant to present evidence on his behalf. Nothing in *Fagans* supports this argument. To the contrary, we held that "[s]ince the Guideline calculation was correct, but the compulsory use of the Guidelines was erroneous, and Fagans preserved his objection to that error, we remand to the District Court with instructions to vacate the sentence and resentence in conformity with *Booker* and this opinion." *Id.* at 142. The same was true here. We remanded for resentencing without mandatory application of the Guidelines, and the district court resentenced accordingly, choosing to decrease Appellant's sentence.

Having only sought (and received) a remand based on *Booker* in his first appeal,

Appellant has not preserved any claim of error relating to the district court's calculation of the Guidelines themselves.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.