UNITED STATES of America,
Appellee,

v.

Paul CREARY, Defendant–Appellant.

No. 06–2516–cr.

United States Court of Appeals,
Second Circuit.

May 22, 2008.

Malvina Nathanson, New York, NY, for Defendant–Appellant.

Michael Rosensaft, Assistant United States Attorney (Jason P.W. Halperin and Katherine Polk Failla, Assistant United

States Attorneys, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Paul Creary appeals from a judgment of the United States District Court for the Southern District of New York (Sprizzo, J.), entered on May 17, 2006, convicting him following a jury trial of conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(C); distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(A). Creary was sentenced principally to 161 months' imprisonment and five years of supervised release. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Creary argues principally that the evidence was insufficient at trial to prove that he was not entrapped by the government into the drug transactions at issue. On a sufficiency challenge, we review the evidence in the light most favorable to the government, reversing only if no rational factfinder could have found the crimes charged proven beyond a reasonable doubt. *United States v. Tran*, 519 F.3d 98, 105 (2d Cir.2008). The government concedes that its confidential informant initiated discussions with Creary regarding the drug transactions; the only issue here

regarding Creary's entrapment defense is whether there was sufficient evidence of his predisposition to commit the charged crimes. *See United States v. Brunshtein*, 344 F.3d 91, 101–02 (2d Cir.2003) (explaining that a predisposition may be shown by: (1) an existing course of criminal conduct similar to the crime charged, (2) an already formed design on the part of the accused to commit the crime charged, or (3) a willingness to commit the crime charged as evidenced by the accused's ready response to the inducement). We conclude that the evidence was sufficient. First, the confidential informant testified that he and Creary used to deal drugs together in Philadelphia. Second, Creary showed a clear understanding of the going rate for drugs in New York City. Third, the jury could reasonably have concluded from the various recorded meetings that Creary was ready and willing to deal drugs when the opportunity arose. Finally, because Creary testified at trial, the jury was entitled to disbelieve his testimony, which may have inadvertently added weight to the government's case. *See Tran*, 519 F.3d at 106. We believe a rational jury could have found Creary's testimony to be incredible, as this jury did. Accordingly, the evidence presented at trial was sufficient.

In addition, Creary argues that he should be resentenced in light of the Supreme Court's decision in *Kimbrough v. United States*, —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). As Creary objected to the district court's decision not to consider the crack-cocaine Guidelines disparity, a remand to the district court is warranted. *See United States v. Fagans*, 406 F.3d 138, 142 (2d Cir.2005). We note that the government agrees that a remand is necessary.[1]

---

1. Because Creary will have new counsel for resentencing, his challenge to the district

court's denial of his request for new counsel at sentencing is moot. To the extent Creary

For the foregoing reasons, the judgment of the district court is AFFIRMED in part and REMANDED to the district court with instructions to VACATE the sentence and resentence consistent with *Kimbrough*, 128 S.Ct. 558.

seeks a new trial based on ineffective assistance of counsel, he may properly petition for habeas corpus under 28 U.S.C. § 2255, where he may develop a record on this claim. We

decline, without prejudice, to consider this claim here. *See United States v. Williams*, 205 F.3d 23, 35 (2d Cir.2000).