10-1331-cr(L)
USA v. Cooper (White)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand eleven.

Present:
      RALPH K. WINTER,
      ROBERT A. KATZMANN,
      RICHARD C. WESLEY,
               *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

          *Appellee*,

        - v. -            No. 10-1331-cr (Lead); 10-3893-cr (Con)

LAWRENCE BURKE, AKA Clover Hill,
AKA John Byron, ZACHARY CUTLER,
AKA Josh Carter,

          *Defendants*,

RICCARDO WHITE, AKA Frank White,
AKA Mark Allen, GREGORY COOPER,
AKA Thornton Lockheed,

          *Defendants-Appellants*.

_____

For Defendant-Appellant (Cooper):     LAWRENCE GERZOG, New York, N.Y.

For Appellee:                         KATHRYN MOORE MARTIN, Assistant United
                                      States Attorney (Michael A. Levy, Assistant
                                      United States Attorney, *on the brief*), *for* Preet
                                      Bharara, United States Attorney for the
                                      Southern District of New York, New York,
                                      N.Y.


Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Gregory Cooper[*] appeals from a judgment of conviction entered on September 28, 2010, in the United States District Court for the Southern District of New York (Karas, *J.*), following a jury trial, for conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and mail fraud, in violation of 18 U.S.C. § 1341. The evidence at trial established that Cooper and his co-defendants engineered two fraudulent schemes—a mortgage broker scheme ("MBS") that sold bogus lists of potential customers, and a homeowner scheme ("HS") that defrauded homeowners seeking to refinance their mortgages. On appeal, Cooper challenges the sufficiency of the evidence, argues that the district court abused its discretion in denying his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, and asserts that his sentence was procedurally unreasonable. We assume the parties' familiarity with the facts and procedural history of the case.

---

[*] This summary order only addresses Cooper's appeal. The consolidated appeal by Defendant-Appellant Riccardo White consists only of an *Anders* motion, which we decided under separate cover.

We review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government. *United States v. Yannotti*, 541 F.3d 112, 120 (2d Cir. 2008). An appellant "bears a heavy burden" in challenging the sufficiency of the evidence. *Id.* (internal quotation marks omitted). The standard of review is "exceedingly deferential." *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008). A conviction must be affirmed if "any rational trier of fact could have found the essential elements beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted).

The elements of mail fraud include (1) a scheme to defraud; (2) to get money or property; (3) furthered by the use of the mail. *See Fountain v. United States*, 357 F.3d 250, 255 (2d Cir. 2004). The government must establish, as part of the scheme, fraudulent intent on the part of the defendant as well as the materiality of any misrepresentation. *See United States v. Autuori*, 212 F.3d 105, 115 (2d Cir. 2000). To establish fraudulent intent, the government must demonstrate "some harm contemplated to the victim of the fraud that goes to the nature of the bargain itself." *United States v. Kinney*, 211 F.3d 13, 18 (2d Cir. 2000). That is, "the proof must demonstrate that the defendant had a 'conscious knowing intent to defraud . . . [and] that the defendant contemplated or intended some harm to the property rights of the victim.'" *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999) (quoting *United States v. Leonard*, 61 F.3d 1181, 1187) (5th Cir. 1995)).

Cooper first argues that the evidence was insufficient because no fraudulent statement was contained in either the lists of potential customers or the homeowner loans. The evidence at trial established that in both schemes Cooper and his co-conspirators made oral misrepresentations to their victims about the products being sold, and this evidence was

3

sufficient to support the conviction for mail fraud. "Intent may be proven . . . by showing that defendant made misrepresentations to the victim(s) with knowledge that the statements were false." *Guadagna*, 183 F.3d at 129, 130-31 (finding that oral sales pitches were sufficient to support wire fraud conviction). Cooper further argues that these misrepresentations were not material, citing to *United States v. Regent Office Supply Co.*, 421 F.2d 1174 (2d Cir. 1970) and *United States v. Starr*, 816 F.2d 94 (2d Cir. 1987), for the proposition that solicitation of goods by means of false representations that do not go to the quality, adequacy or price of the goods does not constitute fraud. This argument is meritless. In the MBS, the misrepresentation as to the source of the leads clearly went to the quality and adequacy of the lists sold to the brokers. In the HS, the misrepresentation of the actual interest rates of the homeowner loans "affect[ed] the very nature of the bargain itself." *Starr*, 816 F.2d at 98. Finally, Cooper argues that the evidence was insufficient because the victims had remedies to ameliorate any harm the schemes may have inflicted. This argument is also meritless, as it suggests that he was less culpable as a result of his victims' purported failure to mitigate their harm. "We refuse to accept the notion that 'the legality of a defendant's conduct would depend on his fortuitous choice of a gullible victim.'" *United States v. Thomas*, 377 F.3d 232, 243 (2d Cir. 2004) (quoting *United States v. Benson*, 548 F.2d 42, 46 (2d Cir. 1977));[1] *see also United States v. Sun-Diamond Growers of California*, 138 F.3d 961, 971 (D.C. Cir. 1998) ("[W]hen an individual is swindled, the offender does not escape mail or wire fraud liability just because the victim was unwary, or even gullible." (internal quotation marks omitted)).

---

[1] Although the fraudulent scheme at issue involved travel, this Court noted that travel fraud, wire fraud, and mail fraud are analyzed in the same way because the relevant statutes use the same language. *Thomas*, 377 F.3d at 242 n.5.

4

A Rule 33 motion allows the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Granting such a motion is at the district court's discretion, but such discretion is exercised sparingly. *See United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992). We review the denial of a Rule 33 motion for abuse of discretion. *See id.* The district court concluded that the witness's credibility had already been impeached through cross-examination, and thus additional impeachment based on any alleged perjury regarding his college graduation would have been cumulative, and, furthermore, there was no reasonable likelihood that the false testimony could have affected the judgment of the jury. Based on our review of the record, we conclude that the district court did not abuse its discretion in denying Cooper's Rule 33 motion.

We review sentencing determinations for reasonableness. *United States v. Crosby*, 397 F.3d 103, 114-15 (2d Cir. 2005), *abrogated on other grounds by United States v. Fagans*, 406 F.3d 138, 142 (2d Cir. 2005). This review is "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). With respect to procedural reasonableness,

> [a] district court commits procedural error where it fails to calculate the Guidelines range . . . makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact.

*United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (internal citation omitted). Under a clear error standard, we will only reverse if we are left "with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted).

Cooper's Presentence Report calculated the total offense level under the United States Sentencing Guidelines as 35, which included a 16-level enhancement because the offense

5

involved a loss between $1,000,000 and $2,500,000, and a 6-level enhancement because the offense involved more than 250 victims. Cooper argues on appeal that the enhancements are procedurally unreasonable because the district court engaged in a "wholesale guessing game," when determining the number of victims and the loss amount. Def. Br. 40.

For economic crimes, a "victim" is "any person who sustained any part of the actual loss." U.S.S.G. 2B1.1, cmt. n.1. In calculating loss amount, a district court "need only make a reasonable estimate." U.S.S.G. 2B1.1, cmt. 3(c). The district court need only make this determination based upon a "preponderance of the evidence." *See United States v. Ruggiero*, 100 F.3d 284, 290 (2d Cir. 1996).

The district court's calculations were not clearly erroneous. In *United States v. Sutton*, 13 F.3d 595, 599 (2d Cir. 1994), this Court indicated that a district court may reasonably rely upon the trial evidence concerning the nature and scope of a defendant's fraudulent scheme to conclude that particular transactions not specifically addressed at trial were part of the same fraudulent scheme proven at trial and thus should be included in the loss calculation. With respect to the victims and total loss associated with the MBS, Cooper conceded that the 428 checks that the government had identified in its spreadsheets represented payments by mortgage brokers for leads and that he had been paid $890,000 for the leads. The district court concluded based on the trial testimony that there were no legitimate lead lists sold to any mortgage broker. Similarly, Cooper did not dispute the Government's identification of 54 homeowners who had spent approximately $1.275 million in transaction costs as a result of having executed refinancings brokered by Cooper's company, and the district court reasonably concluded based on trial testimony that every individual who refinanced his or her home through Cooper's

6

company was defrauded.  Thus, the district court's determination that a preponderance of the evidence supported a finding that there were at least 250 victims and that the loss amount was between one million and 2.5 million dollars was not clearly erroneous, and we will not disturb Cooper's sentence on appeal.

We have considered Cooper's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK