15-2575-cr
*United States v. Agritelly*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand sixteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> NICHOLAS GARAUFIS,*
> > *District Judge.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                      15-2575

CHRISTOPHER AGRITELLY,

> *Defendant-Appellant*.

---

For Appellee:                          DEBORAH R. SLATER, Assistant United States Attorney (Susan L. Wines, Assistant United States Attorney, *on the brief*) *for* Dierdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT

---

* Judge Nicholas Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

For Defendant-Appellant:                         TRACY HAYES, Esq., Assistant Federal
                                                 Public Defender, *for* Terence S. Ward,
                                                 Federal Public Defender, District of
                                                 Connecticut, New Haven, CT

Appeal from a judgment of the United States District Court for the District of

Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the portion of the sentence imposed by the district court that set the terms of

Defendant-Appellant's supervised release is **VACATED** and the case is **REMANDED** for

resentencing consistent with this decision.

Defendant-Appellant Christopher Agritelly requests that this Court vacate his term of

supervised release based on substantive and procedural reasonableness grounds. Agritelly was

originally convicted of sexual assault in the first degree in Connecticut in 2007. Because he had

failed to advise the State of Connecticut of his change in address and failed to register as a sex

offender in Arizona, Agritelly pleaded guilty to one count of failure to register under the Sex

Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2550(a). On August 10,

2015, the District Court for the District of Connecticut (Thompson, *J.*) sentenced Agritelly to 24

months' imprisonment, to be served consecutively to the state sentences he is currently serving,

and a term of eight years of supervised release following his incarceration. On appeal, Agritelly

challenges only his term of supervised release, which the Government concedes the district court

imposed after incorrectly calculating the applicable Guidelines range. We assume the parties'

familiarity with the underlying facts, procedural history, and issues on appeal.

We review sentences for procedural and substantive unreasonableness. *United States v.*

*Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). "Review for 'unreasonableness' amounts to

review for abuse of discretion." *Id.*. "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Id.* at 190. When, as here, a defendant fails to object to an alleged sentencing error before the district court, we review for plain error. *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). An appellate court may, in its discretion, correct a plain error where "the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Here, the Government concedes, and we agree, that the parties' "were . . . mistaken in [calculating] the applicable Guidelines range," Gov't Br. 28, specifically in determining that Agritelly faced a supervised release Guidelines range of five years to life, rather than a fixed term of five years. As a result, the district court based the supervised released portion of the sentence it imposed on an incorrect Guidelines range for supervised release.

The plea agreement, presentence report ("PSR"), and the parties' sentencing memos all relied on 18 U.S.C. § 3583(k) and the Guidelines themselves in determining Agritelly's term of supervised release. The Guidelines instruct that those convicted of a Class C felony—such as a conviction for failure to register pursuant to SORNA—receive a term of supervised release of between one and three years. U.S.S.G. § 5D1.2(a)(2). Section 3583(k) provides, in marked contrast, that "the authorized term of supervised release for [failure to register under SORNA] . . . is any term of years not less than 5, or life." The PSR purported to resolve this incongruity by

3

referencing U.S.S.G. § 5D1.2(c), which states that "[t]he term of supervised release imposed shall be not less than any statutorily required term of supervised release." PSR ¶ 82. In so doing, however, the PSR overlooked how the Guidelines operate together with § 3583(k).

Application Note 6 of § 5D1.2 of the United States Sentencing Guidelines clarifies the interplay between subsections (a) and (c). "Subsection (c) specifies how a statutorily required minimum term of supervised release may affect a minimum term of supervised release provided by the guidelines." U.S.S.G. § 5D1.2, Application Note 6. Moreover, the Application Note illustrates that, "[f]or example, . . . if subsection (a) provides a range of two years to five years, but the relevant statute requires a term of supervised release of five years and a maximum term of life, the term of supervised release provided by the guidelines is five years." *Id.* Accordingly—notwithstanding that the district court is *authorized* under § 3583(k) to impose a term of supervised release of up to life—by operation of § 5D1.2(a)(2) and (c), the recommended Guidelines term of supervised release for a violation of § 2250 is five years. *See* U.S.S.G., Supp. to App'x C, Amend. 786 (2014) (explaining that because subsection (c) "operates to restrict the low end of the guideline term of supervised release," if the statutory minimum equals or exceeds the guidelines term recommended in subsection (a), the range becomes a "single point."). The district court therefore erred in calculating the Guidelines range.

We have held that "an incorrect calculation of the applicable Guidelines range will taint not only a Guidelines sentence, if one is imposed, but also a non-Guidelines sentence, which may have been explicitly selected with what was thought to be the applicable Guidelines range as a frame of reference." *United States v. Fagans*, 406 F.3d 138, 141 (2d Cir. 2005). The miscalculation of the Guidelines range here therefore constituted plain error. *See Molina-Martinez v. United States*, 136 S.Ct. 1338, 1349 (2016) (observing that "a defendant sentenced

4

under an incorrect Guidelines range should be able to rely on that fact to show a reasonable probability that the district court would have imposed a different sentence under the correct range" and "[t]hat probability is all that is needed to establish an effect on substantial rights").

Here, although an error is not plain if it does not affect substantial rights, *see United States v. Draper*, 553 F.3d 174, 181 (2d Cir. 2009), it is not clear from the record in this case whether the district court would have arrived at the same sentence regardless of its Guidelines calculation, *see Molina-Martinez*, 136 S.Ct. at 1348 (recognizing that "there [was] at least a reasonable probability that the District Court would have imposed a different sentence" absent the miscalculated Guidelines range when the court "said nothing to suggest that it would have imposed [the same] sentence regardless of the Guidelines range"). The district court's incorrect determination of the Guidelines range accordingly affected Agritelly's substantial rights, and remand is appropriate so that this error can be corrected.

We decline to address Agritelly's remaining arguments for *vacatur* because we conclude that remand is warranted for the reasons previously explained.

We therefore **VACATE** the term of supervised release imposed by the district court and **REMAND** for resentencing consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5